GOOLSBY, APPELLANT, *v.* ANDERSON CONCRETE CORPORATION, APPELLEE.

[Cite as *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549.]

(No. 90–1073—Submitted May 22, 1991—Decided August 28, 1991.)

*Beatty & Roseboro* and *Otto Beatty, Jr.*, for appellant.

*Lane, Alton & Horst, John A. Fiocca, Jr.* and *Theodore M. Munsell*, for appellee.

MOYER, C.J.   The question presented is whether Goolsby's first action was commenced, therefore allowing her to refile the action under the saving provisions of R.C. 2305.19.   For the reasons which follow, we find that Goolsby's first action was properly commenced.

Civ.R. 3(A) states in part:

"Commencement.   A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *."

One clear consequence of Civ.R. 3(A) is that it is not necessary to obtain service upon a defendant within the limitations period, which, in this case, was a period of two years under R.C. 2305.10.   A plaintiff could therefore file a complaint on the last day of the limitations period and have a full year beyond that date within which to obtain service.

In the case at bar, Goolsby filed her first complaint on February 6, 1986, less than seven months after the date of the accident.   However, it was not until July 17, 1987 that the clerk was instructed to effect service, two days prior to the expiration of the statutory period for bringing the action.   Service was obtained six days later.

A purely technical application of Civ.R. 3(A) would result in a finding that Goolsby had not commenced her action, despite the fact that the first complaint was filed and a demand for service was made within the limitations period prescribed by statute.   Yet, it is not disputed that had Goolsby

dismissed her complaint and again filed it at the time instructions for service were given, the action would have been commenced according to Civ.R. 3(A). We believe that under these circumstances the Civil Rules should not require a plaintiff to refile a complaint identical to one which has previously been, and remains, filed. Such an exercise could not be said to "effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B). Consequently, we hold that when service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint.

It is unfortunate that this case demands resolution of a situation that would have been avoided had the Civil Rules been applied by the trial court below. Civ.R. 4(E) states:

"Summons: time limit for service. If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.  * * * "

This rule is designed to clear the dockets of cases in which a plaintiff has not pursued service upon a defendant. In most instances, the rule would be applied when a plaintiff has neglected to again attempt service after original service of process fails. It is beyond question that the rule should have been applied in the instant action where the clerk was instructed to refrain from attempting service. The trial court should have dismissed Goolsby's complaint without prejudice because service was not attempted. Goolsby would then have been required to refile, and presumably would not have done so until the desire to serve Anderson also arose.

However, in the case at bar, the original complaint was filed, it was not dismissed, and a demand for service was made—all prior to the expiration of the limitations period. Under these circumstances, an application of Civ.R. 3(A) barring Goolsby from obtaining a resolution on the merits would not comport with the spirit of the Civil Rules. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269, 297 N.E.2d 113, 122. For the foregoing reasons, we find that Goolsby's first action was commenced and the refiling of her second action was proper under the saving statute.

The judgment of the court of appeals is reversed.

*Judgment reversed*
*and cause remanded.*

SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.