OPINION
Appellant William G. Romine, Sr. appeals a judgment of the Delaware County Common Pleas Court dismissing his complaint against appellee Lora K. Adams for failure of service:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN SUSTAINING "DEFENDANT OHIO STATE HIGHWAY PATROL'S MOTION TO DISMISS LORA K. ADAMS" AND IN FINDING THAT IT DID NOT HAVE SUBJECT MATTER JURISDICTION OVER DEFENDANT ADAMS WHEN SAID DEFENDANT ENTERED HER APPEARANCE IN THE CASE BY FILING HER MOTION TO DISMISS.
 II. THE TRIAL COURT ERRED IN SUSTAINING "DEFENDANT OHIO STATE HIGHWAY PATROL'S MOTION TO DISMISS LORA K. ADAMS" WHEN SAID DEFENDANT ENTERED HER APPEARANCE IN THE CASE BY FILING HER MOTION TO DISMISS.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT WITHOUT HEARING ON THE ISSUE OF DEFENDANT ADAMS' ABSENCE FROM THE STATE DURING RELEVANT PERIODS AND WITHOUT PROPER NOTICE TO PLAINTIFF-APPELLANT OF ITS INTENT TO DO SO.
On August 13, 1993, appellant William Romine, Sr. filed a wrongful death action in Federal Court, alleging that his son, Robert Lee Romine, died from positional asphyxia at the hands of the defendants. The action was dismissed on March 22, 1995. Appellant then refiled the complaint in the Delaware County Common Pleas Court on March 13, 1996. Included among the various defendants was appellee Lora Adams. In April of 1996, counsel for appellant was notified that service of the complaint had failed as to Lora Adams. The record does not reflect that appellant took any further action at that time to attempt to serve appellee with the complaint.
Appellant filed an amended complaint on September 11, 1996. The record does not reflect that an attempt was made to serve Lora Adams with this complaint. In January of 1997, the Ohio Attorney General's Office entered a limited appearance on behalf of the Ohio State Highway Patrol. On February 4, 1997, the Attorney General's office moved to dismiss the action against appellee, who was employed by the Ohio State Highway patrol, for failure of service. Appellant replied, asserting among other things that the Ohio State Highway Patrol was not the proper party to assert failure of service on appellee. On April 9, 1997, appellee moved to dismiss the action for failure of service. Service was perfected on appellee on March 17, 1997. However, appellee alleged that service was not timely pursuant to Civ.R. 4(E).
After both parties submitted memorandum to the court on the issue, the court dismissed the action against appellee for failure of service. The court dismissed the action without prejudice.
All other defendants in the instant action were dismissed either by way of summary judgment, or by voluntary dismissal. Therefore, the judgment dismissing appellee from the action is a final appealable order.
 I.
Appellant argues that the court erred in determining that it lacked subject matter jurisdiction, and the case properly belonged in the Court of Claims. Appellant argues that the court should have transferred the case to the Court of Claims, and that appellee waived subject matter jurisdiction by entering an appearance in the instant action.
Because the court determined that the case must be dismissed without prejudice for failure of service upon appellee, all statements by the court with regards to subject matter jurisdiction were dicta. It appears from the judgment that the court's purpose in addressing the issue was to alert the parties that although he dismissed the action without prejudice, the Court of Claims was the proper forum to litigate the issue of immunity.
The first Assignment of Error is overruled.
 II.
Appellant argues that appellee waived formal service of the complaint when she appeared by filing a motion to dismiss. Civ.R. 4(D) provides that service of summons may be waived in writing. Appellee did not waive service in writing. In addition, it is apparent from the record that she entered an appearance for the limited purpose of raising the issue of failure of service. Appellee never answered the complaint.
The second Assignment of Error is overruled.
 III.
Appellant argues that he was entitled to a hearing on whether he was prevented from serving appellee as she resided out of state.
Appellant relies on R.C. 2305.15 for the proposition that by leaving the state, the time for service was tolled. R.C. 2305.15
applies solely to tolling the statute of limitations. The statute has no application to the instant case, where the issue is one of timely service pursuant to Civ.R. 4(E).
Civ.R. 4(E) provides:
 If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5
While the rule expressly provides that it does not apply to out-of-state service, the record does not reflect that out-of-state service was attempted in the instant case. Ultimately, appellee was served in the state.
Civ.R. 4(E) is designed to clear the dockets of cases in which a plaintiff has not pursued service upon a defendant.Goolsby vs. Anderson Concrete Corp. (1991), 61 Ohio St.3d 549,551. In most instances, the rule is applied when a plaintiff has neglected to again attempt service after original service of process has failed. Id.
The record reflects that the only actual attempt of personal service on appellee was the initial attempt via certified mail, which was returned without service. Appellant made no further attempt to serve appellee by alternate means, or to petition the court regarding difficulty of service. Eleven months after the initial failure of service, following the filing of the motion to dismiss, counsel for appellant filed an affidavit claiming that when she received the notice of failure of service upon appellee, she contacted the Ohio State Highway Patrol to inquire as to appellee's location and address. Counsel stated in the affidavit that she was advised that appellee was no longer employed by the State Highway Patrol, and that a forwarding address was not available. The affidavit further alleged that the representative at the Ohio State Highway Patrol to whom the attorney spoke implied that appellee had relocated out of state. Counsel further averred that approximately one week before the filing of the affidavit, she learned that appellee was employed by the Ohio State Highway Patrol in Norwalk, Ohio.
The record does not reflect that appellant demonstrated good cause why service was not perfected within six months. Following a single attempt to serve appellee, counsel made one phone call to the Ohio State Highway Patrol. After receiving no helpful information, counsel did not pursue the matter further until nearly one year had elapsed, and the motion to dismiss had been filed. The record does not reflect that any attempt was made to serve appellee at the time of the filing of the amended complaint in September of 1996.
Appellant further argues that he was not notified of the court's intent to dismiss the complaint. The claim is patently without merit. The court specifically ordered the parties to submit memorandums on the motion to dismiss. Appellant was, therefore, obviously aware that the court could dismiss the action following the filing of such memoranda.
The third Assignment of Error is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to appellant.