On February 28, 1997, Melissa Sheets and her daughter, Tiffany Sheets, filed a complaint in the Franklin County Court of Common Pleas against Steven Sasfy, asserting a claim for relief of negligence. The complaint arose out of an automobile collision that occurred on March 5, 1995. On March 7, 1997, certified mail service was returned as undeliverable.
On September 22, 1997, Mr. Sasfy, through his counsel, filed an answer wherein the affirmative defenses of insufficiency of process, lack of service of process and lack of personal jurisdiction were raised. Thereafter, discovery took place.
On February 26, 1998, Mr. Sasfy filed a motion to dismiss on the basis of failure of service of process. On March 4, 1998, the Sheetses filed instructions for the clerk to serve the complaint and summons by certified mail. The summons was issued on March 10, 1998 and was delivered on March 11, 1998.
On April 3, 1998, the trial court filed a decision and entry granting Mr. Sasfy's motion to dismiss. The Sheetses (hereinafter "appellants") have appealed to this court, assigning the following as error:
 "The trial court erred in sustaining defendant-appellee's motion to dismiss plaintiff-appellant's [sic] complaint."
The essential issue is whether the trial court properly dismissed appellants' complaint when service upon Mr. Sasfy (hereinafter "appellee") was not obtained within one year of the filing of the complaint. Civ.R. 3(A) states:
 "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." (Emphasis added.)
Here, the complaint was filed on February 28, 1997. However, service was not obtained until March 11, 1998.
In Maryhew v. Yova (1984), 11 Ohio St.3d 154, 157, the Supreme Court stated that an action may be dismissed when service of process has not been obtained after the passage of more than one year. However, even without service of process, a defendant may commit acts that constitute waiver of the defense of lack of personal jurisdiction. Id. Appellants assert that appellee waived the defense of failure of service because his counsel "aggressively" attempted to obtain discovery and otherwise defended in the action. However, such action did not constitute waiver of the affirmative defense of lack of service of process.
In Long v. Hamel (Mar. 19, 1992), Franklin App. No. 91AP-1078, unreported (1992 Opinions 1125, 1126-1128), jurisdictional motion overruled in (1992), 64 Ohio St.3d 1444, this court indicated that efforts, including discovery, do not constitute waiver of service of process. In the case at bar, appellee properly raised the affirmative defenses of insufficiency of process, lack of service of process and lack of personal jurisdiction in his answer. Hence, such defenses were preserved and have not been waived. As stated in Maryhew
at 159, the duty to perfect service of process is upon the plaintiff. Here, appellants failed to so perfect within the one-year period set forth in Civ.R. 3(A).
We further note that the exception to the one-year period in Civ.R. 3(A) does not apply here. In Goolsby v. AndersonConcrete Corp. (1991), 61 Ohio St.3d 549, syllabus, the Supreme Court held that when service has not been obtained within one year of filing a complaint, and the subsequent re-filing of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a re-filing of the complaint.
The plaintiff in Goolsby did not instruct the clerk to effect service until almost one and one-half years after the complaint had been filed. However, such instruction was filed two days before the expiration of the statute of limitations. Such instruction constituted the equivalent of a re-filed complaint, filed within rule, and therefore gave the plaintiff an additional year within which to obtain service upon the defendant and commence the action under Civ.R. 3(A).
The Goolsby exception does not apply to the case at bar because appellants did not file their instructions to re-attempt service until March 4, 1998. The cause of action arose on March 5, 1995 and was subject to a two-year statute of limitations. Hence, the instructions to re-attempt service would have had to been filed on or before March 5, 1997. Here, such instructions were not filed until nearly one year after the expiration of the statute of limitations period. Consequently, the Goolsby exception does not apply.
Appellants also contend the trial court erred in granting appellee's motion to dismiss because such motion was filed after the cut-off date for the filing of dispositive motions. According to the original case schedule, the cut-off date for filing dispositive motions was December 25, 1997. On February 19, 1998, appellee moved to amend the case schedule. Appellee indicated that service had not yet been perfected and that no responses to discovery requests had been received. Appellee requested a continuation of the trial date and a modification of the case schedule so that he could undertake discovery.
On February 26, 1998, appellee filed his motion to dismiss. On March 12, 1998, appellants filed a memorandum contra the motion to dismiss arguing, in part, that appellee failed to file such motion prior to the dispositive motion deadline. On April 3, 1998, the trial court filed its decision and entry, noting appellants' contention regarding the dispositive motion deadline. Appellee's motion to dismiss was granted.
The trial court did not err in granting appellee's motion to dismiss, despite the fact that the motion was filed after the deadline. Appellee filed a motion to amend the case schedule. This motion was proper even though it was also filed after the dispositive motion deadline. See DeTray v. Mt. Carmel Health
(Apr. 17, 1997), Franklin App. No. 96APE08-1010, unreported (1997 Opinions 1365, 1379-1380). The trial court did not expressly rule on the motion to amend the case schedule. However, the trial court was aware, by virtue of appellants' memorandum contra the motion to dismiss, that the dispositive motion deadline had passed. The trial court nonetheless ruled on appellee's motion to dismiss.
This court has stated that simply by ruling on the merits of a motion for summary judgment filed after the cut-off date, a trial court grants the moving party leave to file such "late" motion. See DLZ Corp. v. Jones (Nov. 12, 1996), Franklin App. No. 96APE05-575, unreported (1996 Opinions 4375, 4381), citingWoodman v. Tubbs Jones (1995), 103 Ohio App.3d 577, 582, discretionary appeal not allowed in (1995), 74 Ohio St.3d 1405. As indicated above, the trial court was aware that the deadline had passed and even noted appellants' contention regarding this fact in the decision on the motion to dismiss. Accordingly, the trial court, in ruling on the merits of appellee's motion to dismiss, effectively granted appellee leave to file such motion. This was not an abuse of the trial court's discretion.
Given all of the above, the trial court did not err in granting appellee's motion to dismiss as appellants failed to perfect service upon appellee in accordance with Civ.R. 3(A) and the applicable case law. Accordingly, appellants' sole assignment of error is overruled.
Having overruled appellants' sole assignment of error, the judgmet of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
PETREE and BOWMAN, JJ., concur.