This is a consolidated appeal of appellate Case Numbers 74600, 74608, 74609, 74610, 74611, and 74612. Defendant-appellant J. Harvey Crow ("appellant") appeals from the trial court's entry of judgment foreclosing on certain real property in which appellant had an interest.
Appellant assigns the following errors for review:
 I. DUE TO INSUFFICIENT SERVICE OF PROCESS UPON THE DEFENDANT, J. HARVEY CROW AND THE DEFENDANT, CAROLYN BATES, THE CASES HAVE NEVER BEEN COMMENCED AND ANY JUDGMENT RENDERED IS THEREFORE VOID.
 II. CROW'S MOTION TO DISMISS GLICKMAN'S CROSS-CLAIM WHILE GLICKMAN'S JUDGMENT WAS INTERLOCUTORY SHOULD HAVE BEEN GRANTED. GLICKMAN'S LIEN WAS NOT A FINAL JUDGMENT UNTIL APRIL 24, 1996.
 III. THE TRIAL COURT ERRED BY ORDERING THE CONSOLIDATED APPRAISAL AND SALE OF THE PROPERTIES WITHOUT AFFORDING NOTICE OF A HEARING AND A HEARING TO THE DEFENDANT.
 IV. THE TRIAL COURT ERRED IN GRANTING GLICKMAN'S MOTION FOR SUMMARY JUDGMENT AND IN GRANTING PREFERENCE TO GLICKMAN.
Finding the first assignment of error to have merit, the judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.
 I.
On December 11, 1990, the Treasurer of Cuyahoga County filed complaints for the collection of delinquent taxes, assessments, penalties and interest, foreclosure and equitable relief against appellant and other defendants having an interest in permanent parcel numbers 604-08-007 and 603-20-029. Those cases are on appeal in Case Nos. 74600 and 74609. One of the defendants in the suits was appellee Glickman Properties, Inc. On December 14, 1990, a similar complaint was filed involving permanent parcel number 603-21-022. That is Case No. 74608. On August 12, 1993, the Treasurer of Cuyahoga County filed complaints against appellant, Glickman, and the other defendants regarding permanent parcel numbers 604-08-002 and 604-07-007. Those appeals are before this court in Case Nos. 74610 and 74611. Also on that date, a complaint for foreclosure involving permanent parcel number 604-08-003 was filed against various defendants including Carolyn Bates and Glickman Properties, Inc. Appellant was not a named defendant in the lawsuit and made no appearance in the case. This case is before this court in Case No. 74612. The cases were consolidated below.
In each of the five cases before this court in which appellant was a party, the plaintiff failed to obtain service upon appellant by certified mail or otherwise until after one year had passed from the filing of the complaint. Appellant filed motions to dismiss for lack of service pursuant to Civ.R. 4(E) in the cases filed in 1990, more than one year after the filing of the complaint. The plaintiff requested service by ordinary mail after the motions to dismiss were filed. In Case No. 74610, a request for service by ordinary mail was made on August 12, 1994, exactly one year after the complaint was filed. There is no record of service being perfected in Case No. 74611. Carolyn Bates, the defendant in Case No. 74612, also was served by ordinary mail after a year had passed from the filing of the complaint.
In its journal entry granting the complaint for foreclosure and Glickman Properties, Inc.'s cross-claim for the return of monies paid pursuant to a failed option agreement to purchase the property, the trial court found that all necessary parties had been properly joined and served according to law. The trial court found that Glickman Properties, Inc. had a valid first lien on the real property at issue and ordered the property to be sold as a unit.
 II.
In his first assignment of error, appellant contends that due to insufficient service of process, the foreclosure cases were never commenced, making any judgment void. Appellant relies on Civ.R. 3(A) which provides that a civil action is commenced by filing a complaint and obtaining service upon a defendant within one year of the date of filing. Appellant asserts that, because service was not obtained within one year, the actions against him never commenced and the cases should have been dismissed by the trial court.
A necessary prerequisite to the commencement of a civil action is effective service of summons. Lash v. Miller (1977), 50 Ohio St.2d 63;Burgess v. Doe (1996), 116 Ohio App.3d 61. Unless service is waived, a party must be served with the summons and complaint pursuant to Civ.R. 4.1 through 4.6. King v. Hazra
(1993), 91 Ohio App.3d 534. The time limitation set forth in Civ.R. 3(A) may not be extended. Fetterolf v. Hoffmann-LaRoche,Inc. (1995), 104 Ohio App.3d 272. Civ.R. 3(A) reflects a rationale "that court dockets should be cleared if service has not been attained within the reasonable time of one year."Maryhew v. Yova (1984), 11 Ohio St.3d 154, 157. It is the plaintiff's burden to ensure that proper service is accomplished.Gooch v. Toth (Mar. 20, 1997), Cuyahoga App. No. 71061, unreported. A plaintiff who fails to obtain service within one year must file a new complaint. See Jones v. Casey (Aug. 11, 1994), Cuyahoga App. No. 65624, unreported.
The Supreme Court of Ohio carved out an exception to Civ. 3(A) in Goolsby v. Anderson Concrete Corp. (1991), 61 Ohio St.3d 549. In Goolsby, the court held:
 When service has not been obtained within one YEAR of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint.
Id. at syllabus. Except for Case No. 74611, the plaintiff obtained service of process by ordinary mail before the expiration of the statute of limitations. Under Goolsby, a complaint should not be dismissed pursuant to Civ.R. 3(A) if service is completed more than one year after the complaint was filed but still within the time period allowed under the statute of limitations.
In Case No. 74611, there is no record of service ever being perfected. The record only reflects one appearance by appellant in the case when he filed a motion to dismiss Glickman's supplemental cross-claim. That motion was filed two and a half years after the complaint was filed. In this case, appellant did not make an appearance until after the one-year period set forth in Civ.R. 3(A) had expired. In Temple v. John Gait Co. (Apr. 10, 1997), Franklin App. No. 96APE10-1364, unreported, the Tenth District Court of Appeals found that a defendant's appearance after the Civ.R. 3(A) one year term had expired did not result in a waiver of service because there was no action before the trial court for failure of commencement. Appellant was under no obligation to move or plead before the year expired. "Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service." Maryhew, supra, at 157. Appellant's motion to dismiss Glickman Properties, Inc.'s cross-claim did not result in a waiver of service because the suit against appellant never commenced. The Goolsby exception does not apply in Case No. 74611 as service of process was not perfected.
In Sperduti v. Bubuloo, Inc. (May 28, 1992), Cuyahoga App. Nos. 60626, 61651, unreported, this court stated that when an action fails of commencement, it is as if no complaint were ever filed. A failure of commencement renders the case a nullity. BuckeyeUnion Ins. Co. v. Sheppard (Mar. 2, 1989), Cuyahoga App. No. 55782, unreported. The judgment against appellant in Case No. 74611 was a nullity for lack of commencement. The trial court ordered the property be sold as a unit, including the parcel at issue in Case No. 74611. Because this suit never commenced under Civ.R. 3(A), permanent parcel number 604-07-007 could not have been sold along with the other real property at issue. This entire case is remanded to the trial court to determine if the property can be sold without permanent parcel number 604-07-007 being included or if other determinations need to be made regarding the proceedings before the court.
Appellant's first assignment of error is well-taken.
 III.
Based on the resolution of appellant's first assignment of error, the remaining assignments of error are moot. See App. R. 12(A)(1)(c).
Judgment reversed and remanded.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is, therefore, considered that said appellant recover of said appellees his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TERRENCE O'DONNELL, P.J.
 MICHAEL J. CORRIGAN, J.
LEO M. JUDGE