In the following accelerated calendar appeal, appellants, Enterprise Group Planning, Inc. and Sajar Plastics, Inc. Employee Benefit Plan ("appellants"), appeal from a judgment of the Trumbull County Court of Common Pleas granting a motion to dismiss filed by appellee, Melissa M. Witherow ("appellee"). For the reasons that follow, we affirm the judgment of the trial court as modified.
The following uncontroverted facts and procedural history are pertinent to this appeal. On May 27, 1995, Gail D. Witherow ("Ms. Witherow") was injured when she was accidentally struck by an automobile operated by her then fourteen (14) year old daughter, appellee. Ms. Witherow sustained injuries as a result of this accident and appellants, the administrators of an employee group health plan, claim to have paid her medical expenses. At the time of the accident, Ms. Witherow was covered under a motorist insurance policy issued by defendant, State Farm Insurance Companies ("State Farm").
On March 26, 1996, appellants filed a complaint against appellee and State Farm seeking subrogation rights for the medical benefits they paid with regard to Ms. Witherow's injuries from the accident. Appellants' complaint asserted that appellee negligently operated the vehicle she was driving that resulted in her mother's injuries. Although it was alleged in the complaint that appellee was fourteen years old at the time of the accident, appellee was not designated as a minor in the caption. Consequently, the clerk of courts attempted to issue service of process directly upon appellee, not appellee's parents or guardian as set forth in Civ.R. 4.2.
The appearance docket demonstrates that the clerk received a return receipt establishing that service of process was complete as to State Farm on April 1, 1996. State Farm subsequently filed an answer denying coverage under the terms of its insurance policy with Ms. Witherow. However, the record before this court contains no evidence from which to establish either delivery or a failure of delivery as to appellee or her parents. Appellants made no effort to perfect service of process upon appellee for more than one year.
On May 28, 1997, one day after the statute of limitations expired with respect to the action filed against appellee, appellants sought leave to file an amended complaint pursuant to Civ.R. 15(A). Within their request, appellants stated that they did not seek to modify the causes of action already alleged in this case. Instead, appellants indicated that they merely wished to identify appellee as "a minor by and through her parent and natural guardian, [Ms. Witherow]." State Farm filed a memorandum opposing appellants' request for leave to file an amended complaint claiming that the action was time barred based on the statute of limitations set forth for this action in R.C. 2305.10.
On June 30, 1997, the trial court signed a judgment entry, prepared by appellants' counsel, granting appellants leave to file an amended complaint. The appearance docket demonstrates that appellee received proper service of process of the amended complaint on July 18, 1997. She later answered the amended complaint and filed a counterclaim against appellants. In her answer to the amended complaint, appellee raised defenses of lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and asserted that appellants' claims were time barred based on the applicable statute of limitations.
On December 1, 1997, appellee filed a motion to dismiss appellants' complaint because appellants failed to properly commence an action against her within the applicable statute of limitations. The parties exchanged several briefs as to this issue. Appellants asserted that any defect in their failure to properly commence this suit was resolved when the trial court granted them leave to file an amended complaint, designating appellee as a minor, and would relate back to the original filing of this case pursuant to Civ.R. 15(C). Appellants further asserted that any determination by the trial court to dismiss this action would be an exercise in futility as such a dismissal would be otherwise than on the merits permitting them to simply refile their claim within one year pursuant to the savings statute, R.C.2305.19.
On March 24, 1998, the trial court issued a judgment entry granting appellee's motion to dismiss appellants' complaint and amended complaint with prejudice. The trial court further determined that there was "no just cause for delay" under Civ.R. 54(B). From this judgment, appellants have filed a timely notice of appeal and now present the following assignment of error for our review:
 "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY DISMISSING THIS ACTION FOR FAILURE TO PERFECT SERVICE WITHIN ONE YEAR UNDER CIV.R. 3(A)."
In support of their assignment of error, appellants raise several issues that mirror the arguments they made to the trial court. Before addressing these arguments, we note that there is no question that appellants failed to properly serve appellee with service of process according to rule. Civ.R. 3 provides as follows:
 "(A) Commencement. A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)." (Emphasis added.)
Appellants filed their action on March 26, 1996. For more than one year, the record reveals that absolutely no action, not by the clerk of courts, not by the trial court, and, most importantly, not by appellants, was taken to ensure that service of process was properly delivered upon appellee. We recognize that there are provisions in the rules of procedure designed to prevent a case, such as this one, from languishing within the court system when proper service of process has not been obtained upon a party. See Civ.R. 4.1 through 4.6 (providing instruction to the clerk of courts to notify the serving party of a failure of service) and Civ.R. 4(E) (directing the trial court to inquire as to why service has not been made within six months after the filing of a complaint). Ultimately, however, the responsibility for ensuring that appellee was properly served with service of process rested with appellants. Civ.R. 4.6.
Notwithstanding appellants' complete failure to obtain service within the prescribed time period as set forth in Civ.R. 3(A), appellants seek solace from the courts' preference to seek resolution of controversies upon the merits. As the Supreme Court of Ohio has repeatedly stated:
 "`"The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, * * *. Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not "`a game of skill in which one misstep by counsel may be decisive to the outcome[;] * * * [rather,] the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson [1957], 355 U.S. 41, 48, * * *." Foman v. Davis (1962), 371 U.S. 178, 181-182, * * *.' Hardesty [v. Cabotage] (1982), 1 Ohio St.3d [114, 117], * * *." (Parallel citations omitted.) Cecil v. Cottrill (1993), 67 Ohio St.3d 367, 372.
It is in this "spirit of the Civil Rules" that appellants seek a reversal of the trial court's judgment. In this regard, appellants argue that their failure to deliver proper service of process upon appellee was rectified when the clerk's office received a signed return receipt from appellee as to the amended complaint. Appellants assert that this service relates back to the date they filed their original complaint pursuant to Civ.R. 15(C).
We reject appellants' arguments that Civ.R. 15(C) has any application to this case. Civ.R. 15(C) provides a procedure where, in certain circumstances, an amendment changing the party against whom a claim is asserted will relate back to the date of the original pleading. Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, at paragraph one of the syllabus.
Appellants never sought to change the party against whom they sought relief. The defendant in both the complaint and amended complaint was designated as appellee. Appellants merely tried to use an amended complaint as a vehicle to designate appellee as a minor requiring that service of process be completed upon her parent or guardian. Moreover, Civ.R. 15(C) does not dispense with the requirements of Civ.R. 3(A) or otherwise extend the time period from which to complete service of process as to the original pleading. Civ.R. 15(C) must be read in pari materia with Civ.R. (3). Cecil v. Cottrill (1993), 67 Ohio St.3d 367, 370. The Editor's Note found in Page's Ohio Revised Code to Civ.R. 3(A), cited with approval by the Supreme Court of Ohio as a useful guide to describe the interplay between these two civil rules, state as follows:
 "[I]f a plaintiff timely files his action within the limitations period and perfects service within one year on the proper defendant, but inadvertently misspells that defendant's name in the complaint, plaintiff may amend his complaint in order to set forth defendant's correct name, and that amendment, pursuant to Civ.R. 15(C) will relate back to the time of the commencement of the action if the statute of limitations has intervened." (Emphasis added.) Cecil, 67 Ohio St. 3d at 371.
Because appellants never complied with the one year service requirements of Civ.R. 3(A), and Civ.R. 15(C) has no application to this case, the trial court did not err in dismissing appellants' complaint or amended complaint.
Next, appellants present a series of arguments as to the applicability of the savings statute to this case. Appellants argue that because the trial court dismissed his case for failing to perfect service of process upon appellee, that the court's dismissal is otherwise than on the merits. Consequently, appellants argue that they should have had until March 24, 1999, one year after the trial court's judgment of dismissal, from which to refile their complaint against appellee. The parties have spent a considerable amount of time, before the trial court and this court, discussing whether the savings statute is applicable to this case. Appellants have further asked this court to clarify whether the trial court's judgment precludes the refiling of their claims against appellee under the savings statute.
We agree with appellants' proposition that the trial court's dismissal of their action against appellee was for reasons otherwise than on the merits. As the Supreme Court of Ohio recognized in Thomas v. Freeman (1997), 79 Ohio St.3d 221, 225, "where a case is dismissed because the court did not have jurisdiction, such as in this case where service has not been perfected, the dismissal is always otherwise than on the merits." Consequently, we cannot agree with the trial court's determination that its dismissal of appellants' complaint and amended complaint were "with prejudice" thereby creating an absolute bar to prohibit appellants from refiling their complaint against appellee. However, there is nothing in the record before us to establish whether appellants refiled their action against appellee. Under these circumstances, we find it wholly improper for this court, or the trial court for that matter, to provide an advisory opinion as to the possible applicability of the savings statute to this matter.
In reaching this determination, we recognize that the trial court spent considerable time within its judgment entry discussing the plausibility of appellants refiling their complaint and whether appellants had "commenced" or "attempted to commence" their action against appellee as those terms are defined within the savings statute. We will not pass judgment on the trial court's determination on those matters as they are purely advisory in nature. Whether the trial court is right or wrong as to its opinion on the future applicability of the savings statue is immaterial and not binding upon the parties. If appellants refile their complaint, and if appellee files an answer that alleges that the action is barred by the statute of limitations, appellants may respond by demonstrating the possible applicability of the savings statute to this case. At that time, the issue regarding the applicability of the savings statute will properly be before the trial court.
Finally, appellants make a series of arguments as to the futility of the trial court's decision to dismiss their complaint based on a decision reached by the Supreme Court of Ohio inGoolsby v. Anderson Concrete Corp. (1991), 61 Ohio St.3d 549. InGoolsby, a plaintiff filed a complaint seeking damages she sustained in an automobile accident that occurred on July 19, 1985. The complaint was originally filed on February 6, 1986, several months prior to the running of the statue of limitations for the matter. However, the plaintiff instructed the clerk not to attempt service until July 17, 1987, two days prior to the running of the applicable statute of limitations. Service of process was later perfected upon the defendant on July 23, 1987, four days after the statute of limitations had run. The plaintiff later voluntarily dismissed her action and attempted to refile her complaint under the savings statute. The trial court later dismissed the plaintiff's second action on the ground that the original complaint had not been "commenced" within the meaning of the savings statute. The Supreme Court of Ohio disagreed and held that, under the circumstances, the plaintiff's instruction to the clerk to attempt service upon the defendant two days prior to the running of the statute of limitations was the same as if she had sought to refile her complaint. Consequently, the Supreme Court of Ohio determined that the savings statute would provide her with an additional year from the date she requested the clerk to attempt service from which to obtain proper delivery of process upon the defendant. Id. at 551
Appellants ask this court to recognize that, just like the plaintiff in Goolsby, they also could have refiled their complaint prior to the running of the statute of limitations in order to obtain an additional year from which to perfect service upon appellee. However, there is a very important distinguishing factor between appellants and the plaintiff in Goolsby; appellants took absolutely no affirmative steps to achieve service of process upon appellee pursuant to Civ.R. 3(A) and the applicable statute of limitations. Consequently, there is no action on the part of the appellants that could possibly be called the functional equivalent of a refiling of their complaint.
Based on the foregoing, appellants' sole assignment of error is without merit. We affirm the determination of the trial court to dismiss appellants' complaint and amended complaint for failing to perfect service of process pursuant to Civ.R. 3(A). However, we modify the trial court's judgment to reflect that the dismissal was made otherwise than on the merits and note that any discussion in the trial court's entry as to the applicability of the savings statute to any future refiling of the parties was premature and in no way binding upon the parties should this action, in fact, have been refiled.
 __________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., dissents with Dissenting Opinion,
NADER, J., concurs.