Appellant, General Motors Corporation ("General Motors"), appeals the entry of default judgment against it in the Wayne County Municipal Court and the denial of its motion to vacate judgment pursuant to Civ.R. 60(B). As we find that this cause of action was never properly commenced, we vacate the judgment entered against General Motors.
 I.
On March 21, 1996, Mr. Price, appellee, and Mrs. Price were traveling through Florida in their 1993 Buick LeSabre when a fire broke out in the vehicle's engine compartment. The fire caused a complete (aside from salvage value) loss of the vehicle and its contents. Western Reserve Mutual Casualty Company ("Western Reserve"), appellee, insured the vehicle against such loss. The policy was in Mr. Price's name. Based on the insurance contract, Western Reserve paid $14,368.75 due to the loss and Mr. Price sustained a loss of $100 — his deductible. Western Reserve sold the vehicle for its salvage value, obtaining a $2,240 recovery.
On March 23, 1998, Western Reserve filed suit against General Motors to recover its loss, asserting that it was subrogated to Mr. Price's claim; Mr. Price joined Western Reserve in the suit, seeking to recover his $100 deductible (hereinafter jointly referred to as "Western Reserve"). March 21, 1998 was a Saturday. Service was not initially made upon General Motors, apparently at Western Reserve's request.[1] On March 23, 1999, Western Reserve requested service upon General Motors. March 21, 1999 was a Sunday. Apparently, the clerk mailed service to General Motors via certified mail return receipt requested on March 24, 1999, although the certificate of mailing bears no time stamp. Apparently, the clerk received the return receipt on March 31, 1999, having been delivered on March 29, 1999 and signed for by a "W. Hopak." Although the return receipt is itself time stamped, the document that it is attached to is neither time stamped nor a signed original; rather, it is a photocopy. We presume these dates to be correct because the parties to this action do not challenge them.
As General Motors never responded to the complaint, Western Reserve filed a motion for default judgment on October 20, 1999. The trial court entered default judgment in favor of Western Reserve on December 2, 1999. On December 16, 1999, General Motors, apparently having received an additional copy of the complaint, filed its answer. After learning of the default judgment, General Motors moved to vacate judgment on December 23, 1999, arguing that Western Reserve never commenced an action because it failed to serve General Motors within one year of the filing of the complaint pursuant to Civ.R. 3(A). In a supplemental memorandum filed January 6, 2000, General Motors sought, in the alternative, relief from judgment pursuant to Civ.R. 60(B). The trial court denied both motions on March 9, 2000. This appeal followed.
 II.
General Motors asserts two assignments of error. We will address each in turn.
 A. First Assignment of Error The trial court erred as a matter of law in entering a default judgment against Defendant-Appellant and in denying Defendant-Appellant's Motion to Vacate Judgment because this action was never commenced under Ohio Civil Rule 3(A) and is therefore a nullity.
General Motors argues that, as the statute of limitations had run on Western Reserve's action prior to its request to the clerk that service on General Motors be completed, Western Reserve never commenced an action under Civ.R. 3(A). Accordingly, General Motors argues that a default judgment could not properly be entered in this matter. We agree.
"Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." Nationwide Mut. FireIns. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" To avoid the harsh consequences which might flow from a rigid application of this rule and to further the policy embodied by the Ohio Rules of Civil Procedure for resolving cases on their merits, the Ohio Supreme Court has carved out a narrow exception to this rule:
 When service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint.
Goolsby v. Anderson Concrete Corp. (1991), 61 Ohio St.3d 549, syllabus.
 In Goolsby, the plaintiff filed a complaint against a defendant but instructed the clerk to not have the complaint served. "* * * [T]wo days prior to the expiration of the statutory period for bringing the action," the plaintiff instructed the clerk to effect service, which was obtained six days later. The Supreme Court held that the action had been properly commenced pursuant to Civ.R. 3(A). The holding turned on the finding that the plaintiff could have gained an extra year for perfecting service merely by filing a voluntary notice of dismissal and refiling the action. The Supreme Court held that the instruction by the plaintiff to the clerk to attempt service was equivalent to dismissing and refiling the case.
(Citations omitted.) Meek v. Nova Steel Processing, Inc. (1997),124 Ohio App.3d 367, 372. The Ohio Supreme Court's holding in Goolsby is based on plaintiff's ability to dismiss and refile his or her complaint within the applicable statute of limitations period without adverse consequences. Moreover, the Supreme Court noted that, if one files one's complaint on the last day of the limitations period, Civ.R. 3(A) will allow one additional year to obtain service. See Goolsby,61 Ohio St.3d at 551. The Supreme Court then concluded that to comport with the spirit of the Rules of Civil Procedure, it would be unfair to find that the plaintiff has failed to initiate an action because he or she has failed to serve within one year where, had plaintiff simply dismissed and refiled his or her complaint, Civ.R. 3(A) would have given him or her an additional year to obtain service. Id. Therefore, if the plaintiff could not dismiss and then refile his or her cause of action without the action being barred by the applicable statute of limitations, theGoolsby exception to Civ.R. 3(A) does not apply and the instruction to the clerk to attempt service is not equivalent to refiling the complaint. Id. at syllabus.
Accordingly, to determine if the action was properly commenced by Western Reserve, we must look to the applicable statute of limitations to determine if Western Reserve could have refiled its complaint on the day it requested the clerk to attempt service on General Motors — March 23, 1999.[2] Western Reserve's complaint stated causes of action in negligence, breach of warranty, and strict product liability. The applicable statute of limitations for an action based on product liability or injury to personal property is two years. R.C. 2305.10. The parties do not dispute when this cause of action accrued. Accordingly, Western Reserve's negligence and product liability claims must have been brought within two years of, in this case, the fire.
Western Reserve's breach of warranty claim raises different issues. Western Reserve asserted in its breach of warranty claim that the vehicle "was unsafe, not fit for the use intended, and by reason thereof, defendant has breached it's [sic] warranties to plaintiffs herein." Western Reserve now asserts that this claim is governed by Ohio's codification of the Uniform Commercial Code, and hence, falls within the four-year statute of limitations set forth in R.C. 1302.98, rather than the two-year statute of limitations generally applicable to actions for injury to personal property, set forth in R.C. 2305.10. However,
 [a]n action in tort for damage to personal property, which is based upon the breach of a duty assumed by the manufacturer-seller of a product by reason of the manufacturer's implicit representation of good and merchantable quality and fitness for the intended use when he sells the product, is limited as to the time in which it shall be brought by the provisions of Section 2305.10, Revised Code, which provides that "An action for * * * injuring personal property shall be brought within two years after the cause thereof arose."
(Emphasis original.) U.S. Fid. Guar. Co. v. Truck Concrete Equip.Co. (1970), 21 Ohio St.2d 244, paragraph two of the syllabus. Moreover,
 "In order to apply the four year statute of limitations contained in R.C. 1302.98 to an action seeking recovery on an implied warranty theory, the plaintiff must be able to show privity of contract. The failure to make such a showing makes the action one sounding in tort, which is governed by the two year statute of limitations."
Lawyers Coop. Publishing Co. v. Muething (1992), 65 Ohio St.3d 273,279, quoting Lee v. Wright Tool Forge Co. (1975), 48 Ohio App.2d 148,148. Accordingly, we must conclude that because Western Reserve's warranty claim is one based on the vehicle not being "fit for the use intended," rather than under the vehicle's written warranty, if any, it states a claim for breach of the implied warranty and the two year statute of limitations controls.
The fire occurred on March 21, 1996. Two years from that date is March 21, 1998. That date fell on a Saturday, accordingly the statute of limitations expired on Monday, March 23, 1998. Western Reserve filed its complaint on that date. Hence, we conclude that the statute of limitations had long expired when Western Reserve requested the clerk to serve General Motors on March 23, 1999. Furthermore, service was not mailed by the clerk until the following day. Therefore, service was not obtained within one year of the date of the filing of the complaint, and had Western Reserve refiled its complaint at that time, it would have been barred by the statute of limitations. Accordingly, we find that this cause of action was never properly commenced under Civ.R. 3(A). General Motor's first assignment of error is sustained and the verdict of the trial court is vacated.
 B. Second Assignment of Error The trial court erred and abused its discretion in denying Defendant-Appellant's Motion for Relief from Judgment pursuant to Ohio Civil Rule 60(B) since Defendant-Appellant's failure to answer was due to mistake, inadvertence, or excusable neglect, Defendant-Appellant had meritorious defenses to Plaintiffs-Appellees' claims. [sic] and the Motion was timely filed.
General Motors asserts that the trial court erred in overruling its motion for relief from judgment pursuant to Civ.R. 60(B). Due to our resolution of appellant's first assignment of error, we find this assignment of error moot, and accordingly, decline to address it. See App.R. 12(A)(1)(c).
 III.
General Motor's first assignment of error is sustained. Its second assignment of error is rendered moot by our resolution of the first assignment of error. The judgment of the Wayne County Municipal Court is vacated and the complaint is dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
 _____________________________ BATCHELDER, Presiding Judge
WHITMORE, J. CONCURS
[1] Western Reserve asserts that the clerk failed to timely serve General Motors, and hence, it is not responsible for the untimely service of the complaint. In support of this proposition, Western Reserve citesRobinson v. Commercial Motor Freight, Inc. (1963), 174 Ohio St. 498, 502
in which the Ohio Supreme Court stated that if a clerk is forgetful or careless in failing to promptly serve the summons, the harsh application of a rule requiring service by a certain date may be inappropriate. In that case, the attorney had repeatedly called and requested the clerk to serve the summons and had filed a document demanding that service be made. Id. The Ohio Supreme Court posited the question of "[w]hat more could the attorney have done short of resort to violence?" Id. However, that is not this case. The front of Western Reserve's complaint is replete with notes stating: "Please don't serve until [Western Reserve's trial counsel] calls. Thanks!" and "Give it case # receipt $$ — hold up on Summons Per note from atty." Moreover, Western Reserve's counsel's first written request for service was filed on March 23, 1999 and the clerk mailed service the next day. Accordingly, we cannot conclude that the delay in service was the result of dilatory behavior or sloth on the part of the clerk.
[2] Western Reserve does not dispute that service was not obtained within one year of the filing of the complaint, but rather, avers that failure of service was the result of an "unreasonable delay attributable to the clerk of courts or court itself." See infra, fn. 1 (determining whether there was unreasonable delay on the part of the clerk or trial court).