JOURNAL ENTRY and OPINION.
{¶ 1} This court sua sponte consolidated Appeal No. 80551 and Appeal No. 80926. These appeals arose from claims alleging injury from exposure to asbestos brought by two groups of plaintiffs designated by the trial court as "Goldberg Group 10" and "Goldberg Group 11." One of the defendants, Borg-Warner Corporation, filed a motion to dismiss the Goldberg Group 10 cases based on the statute of limitations. The court granted that motion, dismissing these cases with prejudice for failure to commence the actions within the statute of limitations. Those plaintiffs appealed that judgment, which is Appeal No. 80551. When Borg-Warner subsequently filed a motion to dismiss the Goldberg Group 11 cases on similar ground, the court issued an apparently contradictory judgment, wherein the court granted Borg-Warner's motion to dismiss without
prejudice. Borg-Warner appealed that judgment, which is Appeal No. 80926.
 {¶ 2} Having reviewed the record and pertinent law, we affirm the court's judgment granting Borg-Warner's motion to dismiss with prejudice in Appeal No. 80551. In Appeal No. 80926, we reverse in part and remand with an instruction for the trial court to issue a journal entry reflecting a dismissal with prejudice. The apposite facts follow.
 {¶ 3} The complaints in Goldberg Group 10 and Goldberg Group 11 cases were filed between 1994 and 1996, with one case filed in 1998. As the court docket reflects, the summons and complaints sent by certified mail to Borg-Warner Corporation, c/o CT corporation Systems as Borg-Warner's statutory agent, were all returned and marked with the notation: "failure of service on defendant; Borg Warner corporation moved; notice mailed to plaintiff attorney." Plaintiffs' counsel, however, made no further attempts at service.
 {¶ 4} On August 6, 2001, Borg-Warner filed a motion to dismiss the Goldberg Group 10 cases, claiming these cases should be dismissed with prejudice because plaintiffs had failed to obtain service within the one-year period in accordance with Civ.R. 3(A). On October 23, 2001, the court granted this motion, stating in its order: "Motion of Defendant Borg-Warner Corporation to Dismiss With Prejudice is granted for failure to commence the action within the statute of limitations." The plaintiffs appealed from that judgment, in Appeal No. 80551.
 {¶ 5} Subsequently, on November 6, 2001, Borg-Warner filed a similar motion to dismiss the Goldberg Group 11 cases, and, on February 1, 2002, the court granted the dismissal, without prejudice.[1]
Borg-Warner appealed that decision, in Appeal No. 80926.
 {¶ 6} In Appeal No. 80551, the Goldberg Group 10 plaintiffs assign the following error:
 {¶ 7} "The trial court erred in granting Borg-Warner Corporation's motion to dismiss with prejudice."
 {¶ 8} In Appeal No. 80926, Borg-Warner did not present an assignment of error but instead requested this court to accept its appellee's brief in Appeal No. 80551 as its appellant's brief in Appeal No. 80926. A review of that brief indicates that it presented the following issue for our consideration:
 {¶ 9} "Whether failure to have commenced an action within the parameters of Ohio Civil Rule 3(A) and within the applicable statute of limitations mandates dismissal of the claim with prejudice (or striking of the complaint as a nullity and holding the action time-barred.)"
 {¶ 10} Our inquiry in this consolidated appeal is whether a dismissal under the facts here should be with prejudice or without prejudice. This distinction is important, because if the dismissal is without prejudice, even though the statute of limitations for these claims has now expired, the plaintiffs may be able to utilize the savings statute to refile their cases against Borg-Warner, if they meet the requirements of that statute. However, if the dismissal is with prejudice, then plaintiffs cannot avail themselves of the savings statute to reinstate their claims.
 {¶ 11} Because the dispute here involves the time limitation for commencing an action and service of a complaint, several civil rules and statutes prescribing time limitations are potentially implicated. We begin our inquiry with a review of Civ.R. 4(E) and Civ.R. (3)(A). Civ.R. 4(E) permits a court to dismiss a case without prejudice if service of complaint is not made within six months of its filing:
 {¶ 12} "If a service of the summons and complaint is not made upon a defendant within six months after filing of the complaint and the party * * * cannot show good cause why such service was not made * * *, the action shall be dismissed as to that defendant without prejudice * * *."
 {¶ 13} Civ.R. (3)(A), on the other hand, sets forth two requirements for the commencement of an action. It states, in relevant part:
 {¶ 14} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * *."
 {¶ 15} The staff note to this rule explains:
 {¶ 16} "Rule 3(A) sets forth two requirements for commencement of a civil action: (1) filing a complaint with the court and (2) obtaining service within one year from the filing. This rule differs from Federal Rule 3 in requiring service to be obtained in one year. In federal court the action is commenced by merely filing the complaint. The service within one year requirement is retained from § 2305.17, R.C., as amended in 1965, and is based on the philosophy that dockets should be cleared if, within the reasonable time of one year, service has not been obtained."
 {¶ 17} Thus, Civ.R. 3(A) gives a plaintiff one year to obtain service as long as the complaint is filed within the statutory period. Under this rule, then, a plaintiff could file a complaint on the last day of the limitations period and have a full year beyond that date within which to obtain service.[2]
 {¶ 18} Furthermore, we recognize that R.C. 2305.19, the savings statute, allows a plaintiff to refile a complaint beyond the statutory period under certain circumstances. That statute provides:
 {¶ 19} "In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date."
 {¶ 20} Finally, it is a long-established rule in Ohio that a judgment based upon the statute of limitations is regarded as on the merits.
 {¶ 21} As the Ohio Supreme Court held in LaBarbera v. Batsch:[3]
 {¶ 22} "Where * * * in a prior suit on the same cause of action between the same parties a valid and existing final judgment was rendered for defendant on the ground that the statute of limitations had expired prior to its commencement, such judgment * * * is on the merits * * *."[4]
 {¶ 23} Here, the plaintiffs filed their complaints between 1994 and 1996. It is undisputed that these claims were filed within the statutory period of two years for a tort action. However, when the certified mail for the summons and complaints sent to Borg-Warner were returned, plaintiffs' counsel received notices of these failures, yet made no further attempts to obtain service. Thus, although the plaintiffs duly filed their complaints against Borg-Warner within the statutory period, because they failed to obtain service within the one-year period required by Civ.R. 3(A), their action against Borg-Warner was effectivelynever commenced. Therefore, given the applicable statute of limitations, plaintiffs have failed to commence their action within the statutory period. Thus, the trial court's dismissal based on this failure is on the merits, in accordance with LaBarbera. As a judgment on the merits, the dismissal is, as the trial court correctly characterized, one with prejudice.[5] Because a refiling under the savings statute requires a failure "otherwise than upon the merits," plaintiffs will not be able to utilize that statute to reinstate their claims against Borg-Warner.[6]
 {¶ 24} Relying solely on Thomas v. Freeman,[7] plaintiffs argue that the dismissal here should be without prejudice. In that case, plaintiffs filed their original complaint within the statutory time, but were not able to successfully serve the complaint on the defendant by certified mail. The trial court dismissed the case for "lack of prosecution," seven months after the complaint was filed, because the plaintiffs did not obtain service upon the defendant within the time provided by Civ.R. 4(E), which permits the dismissal of a complaint if service has not been completed within six months after filing. The issue before the court there concerned whether a dismissal due to failure of service is on the merits or otherwise than upon the merits. If the dismissal on that ground is otherwise than upon the merits, a plaintiff may utilize the savings statute to refile the case; if, however, the dismissal is on the merits, a plaintiff may not do so. The court held in its syllabus:
 {¶ 25} "[W]hen a plaintiff has failed to obtain service on a defendant, whether the court dismisses the case under Civ.R. 4(E) (failure to obtain service) or Civ.R. 41(B)(1) (failure to prosecute), the dismissal is otherwise than on the merits pursuant to Civ.R. 41(B)(4)."
 {¶ 26} Plaintiffs' reliance on Thomas is misplaced. In Thomas, the plaintiffs' case was dismissed for failure to obtain service within the 6 months required by Civ.R. 4(E). This instant case, however, as we have explained, involves failure to commence within the statutory period in accordance with Civ.R. (3)(A).[8] While a dismissal based on failure of service, as the dismissal in Thomas, is without prejudice, failure to commence an action within the statute of limitations is with
prejudice.[9]
 {¶ 27} We have therefore determined where a plaintiff fails to commence an action within the statutory period due to failure to obtain service within one year from filing in accordance with Civ.R. 3(A), the resulting dismissal is with prejudice, and consequently the plaintiff cannot utilize the savings statute to refile his or her claim. To conclude otherwise would be to allow a plaintiff to file a complaint without obtaining service, ad infinitum, and then, upon dismissal, refile the case under the savings statute, thereby circumventing the requirement of Civ.R. 3(A). This would effectively nullify Civ.R. 3(A) and cannot be within the contemplation of the legislature in its enactment of R.C.2305.19.
 {¶ 28} Accordingly, we conclude the court properly granted Borg-Warner's motion to dismiss with prejudice regarding the Goldberg Group 10 cases, but erred in granting Borg-Warner's motion to dismiss without prejudice in its judgment regarding the Goldberg Group 11 cases.
 {¶ 29} Judgment is affirmed in Appeal No. 80551, and reversed in part and remanded with an instruction for the trial court to issue a journal entry to reflect a dismissal with prejudice in Appeal No. 80926.
It is ordered that appellee and appellants share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and *JOSEPH J. NAHRA, J., concur.
[1] The record reflects that after Judge Hanna granted this motion on February 1, 2002, Judge Spellacy granted the same motion on February 7, 2002, but did not specify whether the motion to dismiss was granted with prejudice or without prejudice. Plaintiffs subsequently filed a motion to clarify that order. On February 12, 2002, Judge Spellacy clarified his prior order to reflect a dismissal without prejudice.
[2] Goolsby v. Anderson Concrete Corp. (1991), 61 Ohio St.3d 549,550.
[3] (1967), 10 Ohio St.2d 106, syllabus.
[4] See, also, Nix v. Chalko (Feb. 19, 1998), Cuyahoga County App. No. 72023.
[5] Tower City Properties v. Cuyahoga Cty. Bd. of Revision (1990),49 Ohio St.3d 67, 69 ("a dismissal with prejudice is an adjudication on the merits.")
[6] See LaBarbera, supra (when a judgment is rendered on the ground that the statute of limitations had expired, such judgment is on the merits and the plaintiff is not entitled to recommence his action under R.C. 2305.19).
[7] (1997), 79 Ohio St.3d 221.
[8] Cf. Abel v. Safety First Indus., Cuyahoga App. No. 80550, 2002-Ohio-6482. There, our court considered a defendant's motion to strike the complaint, or in the alternative, to dismiss, alleging the trial court lacked personal jurisdiction over it due to insufficient service of process of the complaint. The court granted that motion to dismiss with prejudice. On appeal, the plaintiffs challenged that ruling and the defendant responded by asserting the trial court's lack of personal jurisdiction due to defective service. Our court concluded, based on the claim narrowly framed by the defendant, that a dismissal for lack of personal jurisdiction is otherwise than on the merits pursuant to Civ.R. 41(B)(4)(a) and therefore the dismissal should be without prejudice. We therefore remanded that case to the trial court for it to issue an order reflecting a dismissal without prejudice due to lack of personal jurisdiction. In that case, we did not address the issue of whether the defendant could assert the expiration of the statute of limitations as an affirmative defense if the plaintiffs were to refile their claims.
[9] LaBarbera, supra.
* SITTING BY ASSIGNMENT: JUDGE JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.