JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Yelome Kwassi (appellant) appeals the trial court's decision awarding plaintiff Southgate Towers, LLC (appellee) $2,075 for breach of contract. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} Appellant entered into a residential lease with appellee from June 1, 2001 through May 31, 2002. Appellant vacated the premises before the end of the lease term and failed to pay the $395 monthly rent after August 2001. On February 14, 2003, appellee filed a complaint for breach of contract. After several failed attempts at perfecting service, appellee was successful in serving appellant on April 12, 2004. Appellant, who was living out of state at the time, did not attend the April 19, 2005 trial, but was represented by counsel. On April 28, 2005, the court rendered judgment in favor of appellee.
 II. {¶ 3} In her first assignment of error, appellant argues that "the court erred in allowing the case to proceed over appellant's motion to dismiss." Specifically, appellant argues that pursuant to Civ.R. 4(E), the court should have dismissed appellee's complaint, because service of process was not completed within six months after the case was filed.
 {¶ 4} Civ.R. 4(E) reads as follows:
Summons: time limit for service. — If a service of the summonsand complaint is not made upon a defendant within six monthsafter the filing of the complaint and the party on whose behalfsuch service was required cannot show good cause why such servicewas not made within that period, the action shall be dismissed asto that defendant without prejudice upon the court's owninitiative with notice to such a party or upon motion. Thisdivision shall not apply to out-of-state service pursuant to Rule4.3 or to service in a foreign country pursuant to Rule 4.5.
 {¶ 5} In the instant case, the court's docket shows the following order of events: On February 19, 2003, appellee made the original attempt to serve appellant by certified mail; on February 25, 2003, appellee was notified that this attempt failed; on March 4, 2003, appellee attempted an alias service by certified mail; on March 12, 2003, appellee was notified that this alias attempt failed; on March 18, 2004, appellee was notified that its case against appellant would be dismissed because service had not been perfected, unless good cause could be shown; on April 2, 2004, appellee attempted a second alias service by certified mail; on April 12, 2004, service was perfected on appellant.
 {¶ 6} Appellant relies on the Ohio Supreme Court's decision in Goolsby v. Anderson (1991), 61 Ohio St.3d 549, to support her proposition that the court should have dismissed appellee's complaint against her in the instant case. However, a careful reading of Goolsby reveals the following pertaining to Civ.R. 4(E): "This rule is designed to clear the dockets of cases in which a plaintiff has not pursued service upon a defendant. In most instances, the rule would be applied when a plaintiff has neglected to again attempt service after original service of process fails." Id. at 551. In Goolsby, the plaintiff specifically instructed the clerk to refrain from attempting service.
 {¶ 7} In the instant case, appellee succeeded in serving appellant on its third attempt. Additionally, appellee pointed out that it took some months to locate appellant in Colorado, via a "skip trace" of public records. We find that appellee did show good cause as to why service was not perfected within six months of the filing date. We also note that appellant filed an answer which failed to raise lack of service of process as an affirmative defense and proceeded with the case up until the day of trial before making an oral motion to dismiss. Furthermore, Civ.R. 4(E), by its express terms, does not apply to out-of-state-service. Accordingly, appellant's first assignment of error is overruled.
 III. {¶ 8} In her second and final assignment of error, appellant argues that "the court erred in awarding judgment to appellee when appellee did not present credible evidence." Specifically, appellant argues that appellee presented no credible evidence in support of its claim for breach of contract; therefore, the court abused its discretion in deciding against her.
 {¶ 9} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280.
 {¶ 10} In the instant case, appellant argues that there was no evidence of the express terms of the lease and that appellee's agent, who testified at trial, was not competent or credible because he did not work for appellee during the events in question. In reviewing the transcript, we find that appellee's agent testified to the terms of the lease and the vacating form that appellant signed when she moved out. He also testified that appellant did not pay the final nine months of rent but that appellee rerented the unit for the final two months. He stated that appellant owed appellee for the unpaid rent, less her security deposit, a total of $2,075. Throughout the trial, appellant did not object to this testimony nor did she present any evidence to weigh it against.
 {¶ 11} As appellant's argument is unsupported by case law, we find that there was competent, credible evidence to support appellee's claim for breach of contract and the court did not err by entering judgment in appellee's favor. Accordingly, appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Corrigan, J., concur.