ST. THOMAS HOSPITAL, APPELLANT, *v.*
BEAL, APPELLEE.
ST. THOMAS HOSPITAL, APPELLANT, *v.*
MURDOCK, APPELLEE.

(Nos. 10078 and 10183—Decided July 22, 1981.)

*Mr. John E. Codrea,* for appellant.
*Mr. Charles L. Grant,* for appellees.

MAHONEY, P.J. These two cases present the same issue. Does Civ. R. 3(A) require that a complaint be dismissed when service is not obtained upon the defendant within one year of filing?

Civ. R. 3(A) provides:

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing."

R.C. 2305.17 provides:

"An action is commenced within the meaning of sections 2305.03 to 2305.22, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year."

In the *Beal* case, the complaint was filed June 28, 1978, on an account. After various attempts, service was obtained by regular mail October 22, 1980. Beal then moved to dismiss and the motion was granted on February 5, 1981.

In *Murdock,* the complaint was filed on April 28, 1975. Service by regular mail was had on July 19, 1976. Default was taken on August 27, 1976, and on October 27, 1980, plaintiff sought execution on the judgment in the municipal court. Defendant Murdock moved to vacate and dismiss. This motion was granted on April 7, 1981.

We hold that Civ. R. 3(A) must be read *in pari materia* with R.C. Chapter 2305 on commencement and limitations of actions, and, particularly, R.C. 2305.17. If service is obtained within one year of filing, that case is commenced on the date of filing for purposes of the statute of limitations. However, where service is obtained more than one year after the filing of the complaint, then the case is deemed commenced on the date service is obtained. Thus, there is no savings clause applicable to the statute of limitations after one year.

Accordingly, the judgments of the trial courts in both cases are hereby vacated as the court erred in dismissing these cases since service was obtained before dismissal even if after one year. These causes are remanded for further proceedings according to law.

*Judgments vacated and
causes remanded.*

QUILLIN and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.