OPINION
{¶ 1} Appellant, Michael Goldberg, appeals the decision of the Warren County Court of Common Pleas, Probate Division, in Case No. 995080, granting the petition of Randal Lee Gebhardt to adopt Marcus Jensen Goldberg, appellant's biological son.
 {¶ 2} Marcus was born on May 1, 1993 to appellant and Mary Kathryn ("Katie") Goldberg (nka Gebhardt). Less than a year after Marcus' birth, Katie and appellant divorced. Katie was awarded custody and appellant received visitation rights. Katie married Gebhardt in May 1999. In November 1999, Gebhardt filed a petition for the adoption of Marcus. The petition alleged that appellant's consent was not required because he had failed to communicate with Marcus for a period of at least one year preceding the filing of the petition.
 {¶ 3} Gebhardt also requested that appellant be served with notice of the petition by publication because appellant's address was unknown. Service by publication was completed. The trial court granted the adoption petition on January 31, 2000. In late March 2000, appellant learned that Marcus had been adopted when he received notice of a child support termination hearing. He filed a Civ. R. 60(B) motion to vacate the adoption order on April 27, 2000.
 {¶ 4} Various other issues arose, culminating in the dismissal of appellant's motion. Appellant appealed the dismissal, and this court remanded the matter to the trial court to determine if appellant had been properly served by publication or if the trial court lacked personal jurisdiction over appellant. In re Goldberg (Sept. 17, 2001), Warren App. Nos. CA2001-04-026, CA2001-05-047.
 {¶ 5} On remand, Gebhardt stipulated to a finding that appellant had not been properly served with notice of the petition. The trial court vacated the adoption, finding it void because the court lacked personal jurisdiction over appellant at the time of the order.
 {¶ 6} Appellant filed a notice to dismiss the November 1999 petition because he had not been properly served within one year as required by Civ. R. 3(A). The trial court overruled the motion and ordered appellant served with notice of the petition. Appellant was personally served with notice of the petition on July 1, 2002.
 {¶ 7} The trial court held a hearing on July 30, 2002 to determine whether appellant's consent was required for the adoption. Appellant's counsel appeared briefly at the hearing, stating that she would not be participating at the hearing because the trial court did not have jurisdiction over appellant. The trial court found that appellant's consent was not required for the adoption because he had failed to communicate with Marcus for a period of at least a year before the filing of the petition.
 {¶ 8} On August 18, 2002, the trial court held a hearing to determine if adoption was in Marcus' best interest. Appellant's counsel again appeared on his behalf and reiterated her position that appellant would not participate at the hearing because the trial court did not have personal jurisdiction. The trial court found that adoption was in Marcus' best interest and, on September 25, 2002, granted Gebhardt's petition for adoption.
 {¶ 9} Appellant now appeals the trial court's determination that his consent was not required, that adoption is in Marcus' best interest, and the decision granting the adoption petition. In a single assignment of error, appellant argues that the trial court was without jurisdiction to issue these three orders because the action was never properly commenced since he was not served with notice of the petition within one year as required by Civ. R. 3(A).
 {¶ 10} Pursuant to Civ. R. 3(A) "a civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." The purpose of Civ. R. 3(A) is "to promote the prompt and orderly resolution of litigation, as well as eliminating the unnecessary clogging of court dockets caused by undue delay. The rule puts litigants on notice that a reasonable time will be afforded in order to obtain service of process over defendants." Saundersv. Choi (1984), 12 Ohio St.3d 247, 250.
 {¶ 11} Appellant argues that the adoption action was never commenced because he was not properly served within one year of the filing of the petition. He contends that Gebhardt must file a new petition for adoption, and that the one-year period to determine whether appellant failed to communicate with Marcus should be calculated from that date.
 {¶ 12} We begin by recognizing that adoption is a special statutory proceeding. In re Adoption of Greer, 70 Ohio St.3d 293, 297,1994-Ohio-69. As such, the rules of Civil Procedure do not apply "to the extent that they would be clearly inapplicable." Civ. R. 1(C)(7). However, "where a statute provides for procedure by general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules." Id.
 {¶ 13} The adoption statute provides that "[a] petition for adoption shall be prepared and filed according to the procedure for commencing an action under the civil rules of procedure." R.C. 3107.05. Appellant argues that pursuant to this provision, Civ. R. 3, and specifically, the one-year service requirement, apply to adoption proceedings.
 {¶ 14} However, a thorough review of R.C. Chapter 3107 reveals that application of the one-year service requirement of Civ. R. 3(A) as a means to terminate the petition for adoption in this case is inconsistent with both the provisions and purposes of the adoption statute.
 {¶ 15} First, we note that the case law interpreting the one-year service requirement of Civ. R. 3(A) deals with issues involving statute of limitations problems. Although the adoption statute gives a time for filing an adoption petition, there is no jurisdictional statute of limitations in adoption actions. See R.C. 3107.051.
 {¶ 16} In addition, the Ohio Supreme Court has construed the rule broadly to effect fair and equitable results, see Goolsby v. AndersonConcrete Corp. (1991), 61 Ohio St.3d 549, and courts of appeals have interpreted the rule to allow discretion on the part of the trial court in determining whether a complaint should be dismissed when service is obtained outside the one-year service period. Allis-Chalmers CreditCorp. v. Herbolt (1984), 17 Ohio App.3d 230; St. Thomas Hosp. v. Beal
(1981), 2 Ohio App.3d 132.
 {¶ 17} Next, a comparison of the text of Civ. R. 3(A) to the language in the adoption statute reveals several fundamental differences between an adoption proceeding and a typical civil action. First, the civil rules discuss the filing of a complaint, Civ. R. 3(A), while the adoption statute requires the filing of a petition. R.C. 3107.05(A). While a civil action is captioned in terms of a "plaintiff" and a "defendant," an adoption action involves a "petitioner." A civil complaint requires claims for relief, Civ. R. 8, while the adoption statute specifically states the information required on the petition. R.C. 3107.05.
 {¶ 18} Civ. R. 3(A) requires service on a "named defendant," in contrast to the adoption statute which only requires the petitioner to list "[t]he name and address, if known, of any person whose consent to the adoption is required, but who has not consented" on the petition. R.C 3107.05. The statute further requires only that these persons be given notice of the filing of the petition "[a]t least twenty days before the date of the hearing" on the petition. R.C. 3107.11(A)(2).
 {¶ 19} Application of the one-year service requirement is also inconsistent with the consent provision at issue in this case. R.C. 3107.07(A) states that the consent of a parent to an adoption is not required if the trial court finds that the parent failed without justifiable cause to communicate with the child for a period of at least one year immediately preceding the filing of the petition.
 {¶ 20} The language providing that consent was not required from a parent who failed to communicate with a child for one year preceding the petition was added to the adoption statute in 1977. In re Adoption ofHupp (1982), 9 Ohio App.3d 128, 130. In adding the language, the legislature provided an objective test against which courts could measure the degree to which a parent voluntarily abandoned his parental responsibility. See In re Ross (May 13, 1982), Franklin App. No. 81AP-907. The statute discusses the one-year period prior to the filing
of the petition, not the commencement of the action.
 {¶ 21} Using the one-year period prior to filing the petition for adoption allows an objective determination of the abandonment of parental responsibilities. This objectivity is lost if the one-year period begins at some point after the petition is filed. It would hardly be surprising that a parent who failed to communicate with a child and opposes an adoption would attempt to communicate with the child after the petition is filed.[1]
 {¶ 22} Finally, there was no prejudice caused to appellant by the delay of time before he received notice of the adoption proceedings. Although appellant was served by publication, not by personal service, he became aware of the adoption petition within five months of the filing. A month later, represented by counsel, he filed a motion for relief from the adoption judgment. Thus, appellant was aware of the petition and sought to protect his rights shortly after filing. After that time, however, appellant rescheduled or failed to appear for several scheduled depositions, which resulted in Gebhardt's filing motions to compel and dismiss. Although the deposition was eventually taken in late December 2000, appellant again failed to comply with discovery by failing to respond to interrogatories.
 {¶ 23} After this court remanded the case to determine the jurisdictional issue, the trial court vacated the earlier adoption order, which is the exact remedy appellant sought from the time he filed his motion for relief from judgment.[2] After the trial court vacated the adoption order, service was attempted on November 29, 2001 by certified letter. After this was unsuccessful, service was attempted by serving appellant personally. When this was unsuccessful, service was eventually completed on July 2, 2001, by leaving the notice at appellant's place of residence. Discovery was again attempted; however, the trial court issued an order finding appellant had willfully and in bad faith refused to participate in discovery.
 {¶ 24} Finally, appellant was given notice of the consent and best interest hearings. He was afforded an opportunity to present evidence at both hearings. Thus, appellant received the precise remedy he sought in his initial motion before the trial court. Although appellant argues that he was prejudiced because one of his witnesses died while the case was pending, this fact is unrelated to the service requirement or the one-year communication period. Furthermore, as mentioned above, appellant became aware of the adoption proceeding within a short amount of time and much of the delay in this case was due to appellant's failure to comply with discovery.
 {¶ 25} Accordingly, we find that application of the one-year service requirement of Civ. R. 3(A) in this case is inconsistent with the language of the adoption statute and the purpose of the failure to communicate provision. Appellant's assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.
[1] The trial court alluded to this scenario as the motivation behind appellant's desire to require Gebhardt to file a new petition and view of the one-year period from that date. The record contains a copy of a motion for parenting time filed by appellant with the Domestic Relations Division on July 25, 2001. Prior to this time, appellant had not seen his son since 1996.
[2] Appellant requested that the trial court "set aside the final judgment and set the action for a hearing on the merits."