JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Christine Maurer, n.k.a. Christine Benyo, appeals from the judgment of the Cuyahoga County Common Pleas Court, rendered after a jury verdict, finding her liable for negligence and awarding plaintiff-appellee, Diana M. Kraus, $15,000 in damages. Maurer contends that the trial court erred in denying her motions to dismiss Kraus' complaint, to limit Kraus' testimony at trial, and for a directed verdict. For the reasons that follow, we reverse and remand, with instructions to the trial court to enter judgment for Maurer.
 {¶ 2} The record in case No. 340520 reflects that Kraus filed her original complaint against defendants Maurer and Judith Belke on September 16, 1997, seeking damages for injuries allegedly incurred in an automobile accident that occurred on April 28, 1997. Maurer was the driver of the car that rear-ended Kraus; Belke allegedly negligently entrusted the car to Maurer.
 {¶ 3} Kraus then attempted to serve her complaint and summons on Maurer and Belke. With respect to Maurer, certified service was attempted on September 16, 1997 and October 14, 1997. Both of these attempts were returned, marked "Failure of service on defendant Maurer, Christine-et al, moved. Notice mailed to plaintiff's attorney." Certified mail service was also attempted twice on Belke; both attempts failed.
 {¶ 4} On March 10, 1998, Kraus filed an amended complaint adding Western Reserve Group as a defendant. Although service was obtained on Western Reserve Group, the summons and complaint sent by certified mail to Maurer were returned on March 16, 1998, marked "Failure of service on Defendant Maurer, Christine-et al moved. Notice mailed to plaintiff's attorney."
 {¶ 5} The record reflects that another attempt at certified mail service on Maurer was returned on July 8, 1998, marked "Failure of service on Defendant Maurer, Christine-et al. Not deliverable as addressed. Notice mailed to plaintiff's attorney." Kraus' attempts to serve Belke similarly failed.
 {¶ 6} In an attempt to locate Maurer and Belke, on September 9, 1998, Kraus caused a subpoena duces tecum to be served on Allstate Insurance Company, Belke's insurer, commanding that Allstate produce its entire claims file relating to Belke. When Allstate failed to respond, Kraus filed a motion to compel and, subsequently, a motion to show cause why Allstate should not be found in contempt of court for failure to produce its file. After entering an appearance for the limited purpose of responding to Kraus' motion to show cause, Allstate's counsel filed a motion for a protective order. The trial court denied Allstate's motion, however, and granted Kraus' motion to compel.
 {¶ 7} On March 22, 1999, Allstate filed an interlocutory appeal and this court subsequently issued its opinion reversing the trial court's order. Kraus v. Maurer (June 8, 2000), Cuyahoga App. No. 76172 ("Kraus I"). We found that, as of the time of Allstate's appeal, Kraus had not perfected service on either Belke or Maurer. We also found that prior to seeking the intervention of the court to compel the production of Allstate's claims file, Kraus had not attempted service by publication, a method of service prescribed by the Civil Rules where the address of the named defendant is unknown. We further found that "in order to take advantage of the provisions permitting service by publication, plaintiff's counsel must first establish reasonable diligence in attempting to learn a defendant's address." We held that Kraus' counsel had failed to exercise reasonable diligence in attempting to locate Belke, and that the trial court's order compelling production of Allstate's claims file effectively ratified and excused counsel's failure to exercise reasonable diligence.
 {¶ 8} The case proceeded in the trial court while Allstate's appeal was pending[1] and the record reflects that Kraus again attempted to serve Maurer by certified mail in May 1999. This attempt was returned and marked, "Failure of service on Defendant Maurer, Christine-et al. Refused. Notice mailed to plaintiff's attorney."[2]
 {¶ 9} Finally, on March 21, 2000, Kraus' counsel filed a praecipe for service by publication on Maurer. Proof of publication issued on July 10, 2000, indicating that service was complete as of May 2, 2000.
 {¶ 10} The trial court subsequently granted Western Reserve's motion for summary judgment and Belke's motion to dismiss. Contrary to Kraus' assertion, there is no indication anywhere in the record that she ever voluntarily dismissed her claim against Maurer in case No. 340520. That case, therefore, remained pending against Maurer. Despite the fact that case No. 340520 remained pending, in January 2001, Kraus filed a new lawsuit in the common pleas court against Belke and Maurer, which was assigned case No. 428887. Inexplicably, the trial court did not dismiss case No. 428887 and the cases were apparently consolidated.
 {¶ 11} The record demonstrates that Kraus' initial attempt at certified mail service of the summons and complaint on Maurer in case No. 428887 was returned in February 2001, marked "not deliverable as addressed." Kraus then proceeded with service by publication, which was complete as of June 12, 2001.
 {¶ 12} Immediately prior to trial, counsel for Maurer made an oral motion to dismiss for failure of service. The trial court denied the motion and trial proceeded against Maurer.[3]
The jury found her liable and awarded Kraus $15,000.
 {¶ 13} Timely appealing, Maurer has raised three assignments of error for our review.
 {¶ 14} In her first assignment of error, Maurer contends that the trial court erred in denying her motion to dismiss because Kraus failed to perfect service and commence her lawsuit within the time limitations prescribed in the Civil Rules.
 {¶ 15} Whether the trial court properly denied Maurer's motion to dismiss the complaint for failure to timely perfect service presents a question of law, which we review de novo.Integrity Technical Services, Inc. v. Holland Management, Inc.,
Medina App. No. 02CA0009-M, 2002-Ohio-5258, at ¶ 30.
 {¶ 16} Our analysis begins with a discussion of Civil Rules 4(E) and (3)(A). Civ.R. 4(E) permits a court to dismiss a case without prejudice if service of the complaint is not made within six months of its filing:
 {¶ 17} "If a service of the summons and complaint is not made upon a defendant within six months after filing of the complaint and the party * * * cannot show good cause why such service was not made * * *, the action shall be dismissed as to that defendant without prejudice * * *."
 {¶ 18} Civ.R. 3(A), on the other hand, sets forth two requirements for the commencement of an action. It states, in relevant part:
 {¶ 19} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * *."
 {¶ 20} Two statutes are also relevant to our analysis. R.C.2305.10 provides that the statute of limitations period with respect to an action for bodily injury or injury to personal property is two years after the cause of action arose.
 {¶ 21} In addition, R.C. 2305.19, Ohio's Savings Statute, provides:
 {¶ 22} "In an action commenced, or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."
 {¶ 23} Applying these rules and statutes, we analyze Maurer's assignment of error.
 {¶ 24} The automobile accident at issue occurred on April 28, 1997. Therefore, pursuant to R.C. 2305.10, the statute of limitations for Kraus' personal injury claim ran on April 28, 1999.
 {¶ 25} Kraus filed her original complaint in Case No. CV-340520 on September 16, 1997. The record is clear that she failed to perfect service of her original complaint and, therefore, never commenced her action on her original complaint.
 {¶ 26} On March 10, 1998, however, Kraus filed an amended complaint in case No. CV-340520. The filing of an amended complaint prior to the running of the statute of limitations, but prior to the commencement of the original action, is the equivalent of refiling the action, and, therefore, the one-year period under Civ.R. 3(A) begins to run on the day the amended pleading was filed. Fetterholf v. Hoffman-LaRoche, Inc. (1995),104 Ohio App.3d 272. Here, the statute of limitations had not run when Kraus filed her amended complaint and, accordingly, she had until March 10, 1999 to perfect service of the amended complaint on Maurer and commence her action.
 {¶ 27} The record clearly indicates, however, that Kraus did not perfect service of the amended complaint on Maurer until May 2, 2000, when service by publication was completed. This was obviously after the one-year time period set forth in Civ.R. 3(A). As Kraus correctly points out, however, failure to obtain service on a defendant within one year of filing the complaint does not require that the complaint be dismissed. IntegrityTechnical Services, Inc., supra, at ¶ 33. Rather, as this court explained in Braswell v. Duncan (Nov. 26, 1997), Cuyahoga App. No. 72038:
 {¶ 28} "This rule determines when an action commences for statute of limitations purposes, but only so long as the service of process is timely. Allis-Chalmers Credit Corp. v. Herbolt
(1984), 17 Ohio App.3d 230, 235. Where service is obtained more than one year after the filing of the complaint, then the case is deemed commenced on the date service is obtained. St. ThomasHospital v. Beal (1981), 2 Ohio App.3d 132; Saunders v. Choi
(1984), 12 Ohio St.3d 247; Allis-Chalmers Credit Corp., supra,17 Ohio App.3d at 235-236. (`If service is not obtained within one year after the filing of the complaint against a defendant, the action `commences,' for purposes of applying the statute of limitations, on the date service is obtained or the party submits to the court's jurisdiction.')." See, also, Integrity TechnicalServices, Inc. v. Holland Management, Inc., supra, at ¶ 33 ("The action is deemed to be `commenced' for purposes of applying a statute of limitations on the date of service and not on the date of filing.")
 {¶ 29} We must determine, therefore, whether Kraus' action, commenced after the one-year requirement of Civ.R. 3(A), was commenced within the statute of limitations. It is apparent that it was not. The statute ran on April 28, 1999; service was not obtained until May 2, 2000, well after the statute of limitations ran. Accordingly, Kraus failed to commence her action within the statutory period and, therefore, the trial court erred in denying Maurer's motion to dismiss.
 {¶ 30} In light of our determination, we find it unnecessary to consider Maurer's argument that the service by publication was not valid because Kraus did not demonstrate reasonable diligence in attempting to locate her, or Kraus' counter-argument that publication was valid because, in refusing one of the certified mail service attempts, Maurer "concealed" herself in an attempt to avoid the service of a summons. See R.C. 2703.14(L).[4]
Here, even assuming the service by publication was valid, Kraus failed to commence her action within the statutory period.
 {¶ 31} We also find Kraus' "concealment" argument unavailing to extend the statute of limitations. R.C. 2305.15 provides that the applicable statute of limitations may be tolled upon a showing that the defendant was out of the state, absconded or concealed himself, or was in prison during the statutory period. The plaintiff has the burden of demonstrating that R.C. 2305.15
is applicable. Wright v. Univ. Hosp. of Cleveland (1989),55 Ohio App.3d 227.
 {¶ 32} Kraus failed to meet her burden in this case. In its motion for summary judgment filed on August 15, 2000, well after Maurer had refused service, Western Reserve Group argued that it was entitled to summary judgment because Kraus had not perfected service on either Maurer or Belke prior to the running of the statute of limitations. Kraus filed no brief in opposition to Western Reserve Group's motion. Significantly, she offered no affidavit or any other evidence that Maurer had purposely concealed herself in an attempt to avoid service. Therefore, she failed to demonstrate that R.C. 2305.15 is applicable to toll the statute of limitations.[5]
 {¶ 33} Finally, we note that contrary to Kraus' argument, the Savings Statute did not afford her any extra time to commence her action against Maurer in case No. 428887. A refiling under the Savings Statute requires a failure "otherwise than upon the merits" in the original action. Here, because Kraus' claimsagainst Maurer were never dismissed in case No. 340520, that case always remained pending; hence, there was never any failure "otherwise than upon the merits" that would implicate the Savings Statute and allow for a refiling against Maurer. Accordingly, any service attempted or obtained on Maurer in case No. 428887 was meaningless.
 {¶ 34} Moreover, the Savings Statute is not available to Kraus to refile her claims against Maurer. A dismissal for failure to commence an action within the statute of limitations is a dismissal with prejudice. Anderson v. Borg-Warner Corp.,
Cuyahoga App. Nos. 80551 and 80926, 2003-Ohio-1500, at ¶ 26, citing LaBarbera v. Batsch (1967), 10 Ohio St.2d 106. Because a refiling under the Savings Statute requires a failure "otherwise than upon the merits," Kraus will not be able to utilize that statute to reinstate her claims against Maurer.
 {¶ 35} Maurer's first assignment of error is sustained. The trial court judgment denying Maurer's motion to dismiss Kraus' complaint is reversed. The matter is remanded and the trial court is instructed to enter judgment for appellant.
 {¶ 36} Our resolution of Maurer's first assignment of error renders consideration of assignments of error two and three moot. See App.R. 12(A)(1)(c).
 {¶ 37} Reversed and remanded.
Colleen Conway Cooney, P.J., and Sean C. Gallagher, J., concur.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
[1] When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. Howardv. Catholic Social Serv. of Cuyahoga Cty. (1994),70 Ohio St.3d 141, 146, citing Yee v. Erie Cty. Sheriff's Dept. (1990),51 Ohio St.3d 43, 44.
[2] The record also reflects that the trial court held a pretrial conference while Allstate's appeal was pending and ordered discovery to proceed (with the exception of the discovery issue on appeal).
[3] Kraus dismissed her negligent entrustment claim against Belke immediately prior to trial.
[4] We note, however, that in Kraus I, we held that, at least as of the time of Allstate's interlocutory appeal, Kraus' counsel had not exercised reasonable diligence in attempting to locate Belke. We find nothing to distinguish counsel's subsequent attempts at certified mail service in case No. 340520 from his earlier attempts that were insufficient to demonstrate reasonable diligence.
[5] We find it curious that the trial court granted Western Reserve Group's motion for summary judgment yet denied Maurer's motion to dismiss.