DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas awarding plaintiff-appellee, Tami Hill, as personal representative of the estate of Pamela Hill, deceased, $1,250,000 in damages against defendants Lee Womack, Marsha Womack and Wo-Noons, Inc., jointly and severally, after entering a default judgment against those defendants. Defendant-appellant, Marsha Womack, aka Marsha Noon, appeals that judgment, raising the following assignments of error:
Assignment of Error One
 {¶ 2} "The trial court erred in granting plaintiff-appellee's motion for default judgment when the plaintiff-appellee failed to obtain service upon the defendantappellant within one year of the filing of the complaint and consequently said default judgment is void as a matter of law.
Assignment of Error Two
 {¶ 3} "The trial court erred in not dismissing plaintiff-appellee's claims against defendant-appellant as a matter of law when plaintiff-appellee filed her complaint on the last day of the statute of limitations and plaintiff-appellee failed to obtain service upon the defendant-appellant within one year of the filing of the complaint."
 {¶ 4} The relevant procedural history of this case is as follows. On February 19, 2002, appellee filed an action in the Putnam County Court of Common Pleas against appellant and numerous other defendants for the wrongful death of Pamela Hill. The complaint alleged that Pamela Hill died on February 19, 2000 after falling at a bar owned by, operated by, or under the control of, appellant and the other various defendants. In pertinent part, the complaint listed as a defendant appellant Marsha Womack, individually and d/b/a Wo-Noons, Inc. The praecipe attached to the complaint directed the clerk to serve the complaint on appellant by certified mail in care of Philip L. Rooney, the statutory agent for Wo-Noons, Inc. On March 5, 2002, the Putnam County Clerk of Courts noted on its docket a failure of service for appellant after receiving a letter from Philip Rooney indicating his refusal of service pursuant to Civ.Rs. 4.6 and 4.2. On April 22, 2002, and on motion of defendant Larry Yeager to transfer venue, the case was transferred to the Wood County Court of Common Pleas.
 {¶ 5} On May 8, 2002, the lower court issued a notice of imminent dismissal for failure to prosecute pursuant to Civ.R. 41(B), noting that there had been no service attempt in the case since February 2002. Thereafter, appellee filed a motion for extension of time until September 1, 2002, to effectuate service upon the remaining defendants. Appellee indicated that she needed the additional time to locate the defendants. The lower court granted the motion, ordering appellee to effectuate service on the remaining defendants on or before September 1, 2002. Subsequently, on February 7, 2003, the lower court filed a notice and order granting appellee leave to file a motion for default judgment against, inter alia, appellant Marsha Womack. In that order, the court noted that "service of the Complaint * * * has been properly completed by certified mail." There is, however, no support in the record for that statement and no evidence that appellant had been served with a copy of the summons and complaint as of that time.
 {¶ 6} On March 25, 2003, appellee filed an amended complaint in the court below. Again, appellee named appellant individually and d/b/a Wo-Noons, Inc. and listed her address as "c/o Philip L. Rooney, Statutory Agent for Wo-Noons, Inc." In the praecipe filed along with that complaint, however, appellee did request service by certified mail to appellant individually and listed an address different from that of Philip L. Rooney. On April 30, 2003, the Wood County clerk notified appellee that service on appellant by certified mail was incomplete in that it was unclaimed. Appellee then requested that the clerk reissue service on appellant by ordinary mail at the same address listed in the earlier praecipe. The complaint and summons were mailed to appellant on May 2, 2003. Nothing in the record indicates that service by this method failed for any reason. Appellant, however, did not file an answer or responsive pleading. Accordingly, on June 27, 2003, appellee filed a motion for default judgment against appellant. In that motion, appellee noted that pursuant to Civ.R. 4.6(D), appellant was served with the summons and complaint by regular mail on May 2, 2003.
 {¶ 7} On September 18, 2003, the lower court granted appellee's motion for a default judgment against appellant. The court subsequently held a hearing on the issue of damages at which appellant failed to appear. In a judgment entry of January 8, 2004, the court awarded appellee judgment against appellant, Lee Womack and Wo-Noons, Inc., jointly and severally, in the total sum of $1,250,000. It is from that judgment that appellant now appeals.
 {¶ 8} Appellant's assignments of error are related and will be addressed together. Appellant contends that the trial court erred in granting appellee's motion for a default judgment and in failing to dismiss the case against her with prejudice because appellee failed to obtain service on appellant within one year of the filing of the complaint.
 {¶ 9} Civ.R. 3(A) sets forth two requirements for the commencement of a civil action. The rule reads in relevant part: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" The effect of this rule is to vest the trial court with jurisdiction over the defendant. In addition, "[t]his rule determines when an action commences for statute of limitations purposes, but only so long as the service of process is timely. Allis-Chalmers Credit Corp. v. Herbolt (1984),17 Ohio App.3d 230, 235 * * *. Where service is obtained more than one year after the filing of the complaint, then the case is deemed commenced on the date service is obtained. St. ThomasHospital v. Beal (1981), 2 Ohio App.3d 132 * * *." Braswell v.Duncan (Nov. 26, 1997), 8th Dist. No. 72038. If, however, "service is not obtained within one year after the filing of the complaint against a defendant, the action `commences,' for purposes of applying the statute of limitations, on the date service is obtained or the party submits to the court's jurisdiction." Allis-Chalmers, supra at 235-236.
 {¶ 10} Applying the law to the facts of this case, it is apparent that appellee failed to serve appellant within the requisite time period. Appellee perfected service of her complaint on May 2, 2003, approximately 14 months after filing the complaint. Accordingly, the action "commenced" on May 2, 2003, over one year after the statute of limitations had run on appellee's action, that date being February 19, 2002.
 {¶ 11} Appellee asserts that pursuant to the Supreme Court of Ohio's decision in Goolsby v. Anderson Concrete Corp. (1991),61 Ohio St.3d 549, her filing of an amended complaint on March 25, 2003, extended the time period within which she could obtain service on appellant. In Goolsby, the Supreme Court of Ohio carved out a narrow exception to the requirement that a defendant be served within one year of the filing of the complaint. In that case, the plaintiff was in an automobile accident with a truck operated by the defendant on July 19, 1985. The plaintiff filed an action against the defendant on February 6, 1986 but instructed the clerk not to attempt service of the summons and complaint at that time. Two days before the expiration of the statute of limitations period, on July 17, 1987, the plaintiff directed the clerk to issue a summons. Service was perfected on July 23, 1987. On October 11, 1988, the plaintiff dismissed the action pursuant to Civ.R. 41(A)(2). She then refiled the case on June 27, 1989, pursuant to the savings statute, R.C. 2305.19. On the defendant's motion, the trial court dismissed the case on the ground that no action was commenced by the original filing because the complaint had not been served within one year of filing. The court of appeals agreed. On review, the Supreme Court of Ohio reversed, holding at the syllabus that: "When service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint." The court reasoned that because the plaintiff could have dismissed her action and refiled it on July 17, 1987, before the expiration of the statute of limitations period, her instruction to the clerk to attempt service of the original complaint on that same day was the equivalent of filing a new complaint within the statute of limitations period. The courts in Meek v. Nova Steel Processing, Inc. (1997),124 Ohio App.3d 367, and Bank One, Columbus, NA v. O'Brien (Dec. 31, 1991), 10th Dist. Nos. 91AP-166 and 91AP-441, extended the rule in Goolsby to the filing of an amended complaint. The court inGoolsby, however, clearly recognized that under Civ.R. 3(A), "[a] plaintiff could * * * file a complaint on the last day of the limitations period and have a full year beyond that date within which to obtain service." Goolsby, supra at 550. We therefore interpret these cases to mean that where a plaintiff files her complaint on the last day of the statute of limitations period, she must either serve the complaint or, as in Goolsby,
effectively dismiss and refile the action, or as in Meek andBank One, file an amended complaint, before the time for service has expired.
 {¶ 12} In the present case, appellee failed to perfect service or effectively extend the time for service by voluntarily dismissing and refiling the action or filing an amended complaint, within one year of the filing of her complaint. Accordingly, appellee failed to file her action against appellant within the statute of limitations period, and the lower court had no jurisdiction over appellant. The lower court therefore erred in granting appellee's motion for a default judgment and in failing to dismiss the case against her.
 {¶ 13} We must next determine if the trial court's dismissal should have been with or without prejudice.
 {¶ 14} In LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, at the syllabus, the Supreme Court of Ohio held that a dismissal of an action for failure to file the case within the applicable statute of limitations is a dismissal on the merits. Appellee, however, cites the Supreme Court of Ohio's holding in Thomas v.Freeman (1997), 79 Ohio St.3d 221, in support of her assertion that if we conclude that the trial court should have dismissed her complaint against appellant than such dismissal should be without prejudice, allowing her to take advantage of the savings statute, R.C. 2305.19, and refile her action. The court inThomas held at paragraph one of the syllabus: "When a plaintiff has failed to obtain service on a defendant, whether the court dismisses the case under Civ.R. 4(E) (failure to obtain service) or Civ.R. 41(B)(1) (failure to prosecute), the dismissal is otherwise than on the merits pursuant to Civ.R. 41(B)(4)." Appellee's reliance on Thomas, however, is misplaced. As the Eighth District Court of Appeals explained in Anderson v.Borg-Warner Corp., 8th Dist. Nos. 80551 and 80926, 2003-Ohio-1500, ¶ 26: "In Thomas, the plaintiffs' case was dismissed for failure to obtain service within the 6 months required by Civ.R. 4(E). This instant case, however, as we have explained, involves failure to commence within the statutory period in accordance with Civ.R. 3(A). While a dismissal based on failure of service, as the dismissal in Thomas, is without prejudice, failure to commence an action within the statute of limitations is with prejudice." See, also, Kraus v. Maurer, 8th Dist. No. 83182, 2004-Ohio-748.
 {¶ 15} Accordingly, we find that the trial court should have dismissed appellee's action against appellant with prejudice as the case was not commenced within the applicable statute of limitations period. The first and second assignments of error are well-taken.
 {¶ 16} On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Wood County Court of Common Pleas is vacated. This case is remanded to that court for the entry of judgment consistent with this decision. Appellee is ordered to pay the court costs of this appeal pursuant to App.R. 24.
Judgment Vacated.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., Concur.