OPINION
{¶ 1} Defendant Arthur L. Swanson appeals a judgment of the Municipal Court of Mansfield, Richland County, Ohio, which overruled his motion for relief from judgment brought pursuant to Civ. R. 60 (B). Appellant assigns three errors to the trial court:
 {¶ 2} "I. The trial court erred and abused its discretion by denying appellant the opportunity to participate in the hearing on his motion for relief from judgment, and then denying relief based upon appellant's failure to appear, in violation of appellant's right to access the court guaranteed by the first amendment to the United States constitution.
 {¶ 3} "II. The trial court erred and abused its discretion by denying appellant's motion for relief from judgment where appellant demonstrated that he had no prior notice of the underlying proceedings and that the default judgment was erroneously granted, in violation of appellant's rights to due process and equal protection of the law, guaranteed by thefifth and fourteenth amendments to the United States constitution.
 {¶ 4} "III. The trial court erred and abused its discretion by denying appellant's motion for relief from judgment where appellant demonstrated that the default judgment granted to the appellee was void for lack of subject matter jurisdiction, in violation of appellant's right to due process of law, guaranteed by the fifth amendment to the United States constitution."
 {¶ 5} On December 8, 2000, plaintiffs General Accident Insurance Company and Stephanie E. Bricker filed a complaint in the Mansfield Municipal Court against appellant Arthur L. Swanson and Kasandra P. Wright. Wright is not a party to this appeal.
 {¶ 6} The complaint alleged Wright was operating appellant Swanson's vehicle in a parking lot in the City of Mansfield when she struck several vehicles, including Bricker's, as well as a pedestrian. Mansfield City Police cited Wright with hit-skip and operating without a license. The complaint alleged Bricker sustained property damage and associated expenses of $1,528.08. General Accident insured Bricker, and paid her claim except for $250.00, her deductible. The complaint alleged appellant Swanson had negligently entrusted his vehicle to Wright.
 {¶ 7} The accident occurred on or about December 13, 1998.
 {¶ 8} Appellee's attempt to serve appellant Swanson with the complaint and summons failed. Appellees pursued the action against Wright, and received a judgment.
 {¶ 9} On June 3, 2003, appellees filed a new praecipe, asking the clerk of courts to attempt service of the complaint on appellant Swanson at a different address. This time service was successful and Mae Bell Owens signed for the certified mail.
 {¶ 10} Appellees filed for a default judgment, which was originally denied by the court, finding the matter had been dismissed for lack of prosecution. However, the court reversed itself, finding while the docket indicated the case had been dismissed for lack of prosecution, the record contained no judgment entry. The court vacated its earlier judgment overruling the motion for default judgment and granted appellees a judgment in the amount of $1,537.08, plus interest.
 {¶ 11} Three weeks later, appellant filed his motion for relief from judgment, urging he had never been properly served with the complaint and summons. Appellant attached his affidavit to his motion, and admitted Mae Bell Owens is his mother. Appellant alleged the mail had been sent to his mother's home, but appellant had not resided with his mother since September 2, 1999. On September 2, 1999, appellant was incarcerated in a State correctional institution, and remains there as of this date.
 {¶ 12} Appellant alleged his mother had forwarded copies of two judgment entries from Mansfield Municipal Court, but he had never received any other documents. Appellant asserted had he been aware this action was filed against him, he would have vigorously defended.
 {¶ 13} The court overruled appellant's motion to participate via tele-conference in the hearing on his Civ. R. 60 (B) motion. Subsequently, the court overruled the motion for relief from judgment, noting appellant did not appear for the hearing.
 {¶ 14} At the outset, appellee argues appellant's appeal is untimely. Appellees argue appellant is challenging the default judgment, entered on June 23, 2004. Appellant filed his notice of appeal on September 17, 2004. While appellee is correct that appellant may not challenge the underlying default judgment, his appeal is taken from the judgment overruling his Civ. R. 60 (B) motion. The trial court entered judgment overruling the motion for relief on September 2, 2004. We find appellant's notice of appeal was timely filed against the judgment entry overruling his motion. This court has jurisdiction over the appeal only as it pertains to the judgment denying him relief from judgment.
 I, II, III {¶ 15} All of appellant's assignments of error are interrelated. His first assignment of error urges the trial court erred in overruling his motion for relief from judgment because he failed to attend the hearing on the motion. Appellant concedes when the court overruled appellant's motion to participate in the hearing, the court stated all filings would be considered.
 {¶ 16} A trial court is entitled to the presumption of regularity of its proceedings, and all reasonable presumptions consistent with the record must be construed in favor of the validity of the judgment and of the regularity and legality of the proceedings, State v. Leonard (April 22, 1993), Cuyahoga Appellate No. 63865, citations deleted.
 {¶ 17} Moreover, it is axiomatic an appellate court reviews judgments, not reasons. If the trial court's judgment is supported by the record, this court must affirm, see Natland Energy Corporation v. TheEast Ohio Gas Company (May 2, 1991), Tuscarawas Appellate No. 90AP060040, citations deleted. This is particularly appropriate when the appeal presents questions of law, which this court reviews de novo, Id. We find the court reviewed all the filings before reaching its decision, and did not overrule the motion based on appellant's failure to attend the hearing.
 {¶ 18} In order to prevail on a motion for relief from judgment made pursuant to Civ. R. 60 (B), the movant must establish (1) He has a meritorious defense or claim to present if relief is granted; (2) He is entitled to relief under one of the five grounds set forth in the rules; and (3) The motion is made within a reasonable time, GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St. 2d 146, syllabus by the court, paragraph two.
 {¶ 19} Appellant's motion does not allege any facts demonstrating he has a meritorious defense or claim to present if relief is granted.
 {¶ 20} Further, service of process is generally effective and constitutionally sound if the service in a given case is reasonably calculated to reach the interested party, Akron-Canton Regional AirportAuthority v. Swinehart (1980), 62 Ohio St. 2d 403. The rules provide service of process may be evidenced by a return receipt of certified mail signed by any person, and thus, a person other than the addressee may sign the receipt, Blankenship v. McIntosh (July 17, 1995), Butler Appellate No. CA95-02-029, citations deleted. Appellant concedes some of the court documents reached him.
 {¶ 21} Service of process was accomplished in June of 2003, two and one-half years after the filing of the complaint and nearly five years after the accident which gave rise to the action. Appellees point out although it appears the trial court intended to dismiss the action for lack of want of prosecution, nevertheless, it did not do so.
 {¶ 22} A trial court is not required to dismiss an action for want of prosecution, see, e.g., Kraus v. Maurer, Cuyahoga Appellate No. 83182, 2004-Ohio-748. However, if a plaintiff issues a new praecipe for service, this is the equivalent of dismissing and refilling, Goolsby v.Anderson Concrete Corporation (1991), 61 Ohio St. 3d 549. Nevertheless, because appellees did not dismiss their case within one year of filing the original complaint, they did not invoke the savings statute to extend the time for refiling, and their service of the complaint on appellant's mother is only effective if it is within the statute of limitations,Kraus, supra. Pursuant to R.C. 2305.09, if a defendant is incarcerated, the statute of limitations is tolled until his release. Appellant's affidavit admits appellant has been incarcerated since September 2, 1999, so the statute of limitations has not yet run on this action.
 {¶ 23} We find the trial court did not err in finding on the record before it appellant had not demonstrated he was entitled to relief from judgment.
 {¶ 24} Each of the assignments of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Municipal Court of Mansfield, Richland County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Hoffman, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Mansfield, Richland County, Ohio, is affirmed. Costs to appellant.