DECISION AND JUDGMENT
{¶ 1} Appellant appeals an award of summary judgment issued by the Lucas County Court of Common Pleas to alleged tortfeasors in a negligence suit. For the reasons that follow, we reverse.
 {¶ 2} Appellees, J J's East of the River Properties, LLC and its principal James A. Klemperer, at the time relevant to this appeal owned residential rental property *Page 2 
on Varland Street in East Toledo. In 2005, this property was leased to Earl Marshall, brother of appellant, Lois Marshall. According to her complaint, on March 21, 2005, appellant was descending the stairs from her brother's second-floor apartment when the last step collapsed, causing her to fall. Appellant alleges that she was seriously injured in this fall.
 {¶ 3} On September 12, 2006, appellant sued appellees, seeking to recover damages for her injury. Appellant originally requested service of the summons and complaint on both appellees at the Varland Street address. Service failed when certified mail was returned marked "attempted not known." On October 19, 2006, appellant requested personal service by a deputy sheriff at a different address. This service too failed when the deputy sheriff was unable to locate anyone at the second address and no one responded to notes left at the location. Appellant subsequently initiated service by publication.
 {¶ 4} On July 16, 2007, appellant filed proof of publication and moved for a default judgment. On August 8, 2007, the court granted appellant's motion for a default judgment. On August 29, 2007, appellees moved to quash service of the summons or, alternatively, grant relief from the default judgment pursuant to Civ. R. 60(B). Appellees subsequently moved for leave to file an answer instanter and filed a jury demand and first interrogatories.
 {¶ 5} The trial court set appellees' Civ. R. 60(B) motion for hearing. On the date of the hearing, however, the parties entered into a stipulation, vacating the default *Page 3 
judgment and agreeing, "That this action be dismissed without prejudice to refiling and otherwise than upon the merits." The stipulation was endorsed by counsel for both parties and the trial court. A week later, appellant refiled her suit. Appellees answered, denying liability and raising as an affirmative defense of the statute of limitations.
 {¶ 6} On January 22, 2008, appellees moved for summary judgment, arguing that because appellant had never perfected service in the original suit, her second filing was beyond the statutory two-year period. Moreover, without service, the original suit was not timely commenced, so the Ohio saving statute, R.C. 2305.19, was unavailable to revive the action. Appellant filed a memorandum in opposition, maintaining that the saving statute expressly provided revival of a suit beyond the statute of limitations when there was an attempt to commence an original suit.
 {¶ 7} On April 1, 2008, the trial court, relying on this court's decision in Hill v. Yeager, 6th Dist. No. WD-04-010, 2004-Ohio-5663, granted appellees' motion for summary judgment. From this judgment, appellant now brings her appeal. Appellant sets forth the following single assignment of error:
 {¶ 8} "I. The trial court erred when it granted appellees' Motion for Summary Judgment based on the affirmative defense of the statute of limitations."
 {¶ 9} Appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated: *Page 4 
 {¶ 10} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C). At issue in this matter is a question of law.
 {¶ 11} An action for bodily injury as the result of negligence must be brought within two years from the date the cause of action accrues. R.C. 2305.10. The time at which an action is commenced is when a complaint is filed with the court, "* * * if service is obtained within one year from such filing upon a named defendant * * *." Civ. R. 3(A). Thus, if a complaint is filed within the applicable statute of limitations, it remains timely filed so long as service upon a named defendant is perfected within one year. Seger v. For Women, Inc., 1st Dist. No. C-040317, 2005-Ohio-528, ¶ 20.
 {¶ 12} If an action "* * * is commenced or attempted to be commenced, [and] a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. * * *." R.C. 2305.19.
 {¶ 13} In the trial court and here, appellees argue that no proper service on them was ever obtained. First service was to an improper address. Second service was to the *Page 5 
correct address, but was never obtained by the deputy sheriff. Service by publication was improper because, pursuant to Civ. R. 4.4(A), this method of service is appropriate only when "* * * the residence of a defendant is unknown * * *." Since the address used when the deputy sheriff attempted personal service was correct, appellees' address was not unknown. As a result, service by publication was ineffective.
 {¶ 14} Absent effective service of process, appellees insist, no action was commenced and, pursuant to Hill v. Yeager, supra, the savings statute is inapplicable. Without the savings statute, appellees contend, the two year statute of limitations has run and appellant is without recourse.
 {¶ 15} Appellant responds that, as a matter of policy, cases should be tried on their merits. According to appellant, that is why she agreed to abandon her defense of the default judgment she had already obtained and stipulate to a dismissal without prejudice. That appellees should be allowed to renege on the conditions of the parties' stipulation is simply inequitable, appellant insists. Appellant asserts that appellees should be estopped from avoiding the terms of the stipulation. Alternatively, appellant suggests that Hill is inapplicable to these facts or, simply, wrongly decided.
 {¶ 16} Hill brought a wrongful death suit on behalf of her decedent on the last day before the expiration of the statute of limitations. Certified mail service to a statutory agent was refused. More than a year later, certified mail service to a second address was returned unclaimed. Hill then requested service by ordinary mail, pursuant to Civ. R. 4.6(D). In June 2003, 14 months after filing her initial complaint, Hill moved for and *Page 6 
later obtained a default judgment. On appeal, this court vacated the default judgment, concluding that, since Hill had failed to perfect service within one year or within the statute of limitations, the case was not properly "commenced" as required by Civ. R. 3(A), the court lost jurisdiction to issue a default judgment and the matter should have been dismissed. Hill at ¶ 12. Moreover, we held, since service was never perfected during the one year period after filing nor before the expiration of the statute of limitations expired, dismissal should have been on the merits, thus barring utilization of the savings statute. Id at ¶ 14.
 {¶ 17} Hill presents an unusual, if not unique, set of facts which make it inapplicable to the present matter. "[A]n action is attempted to be commenced, as contemplated by R.C. 2305.19, when a party files a complaint with the clerk of the court within the applicable statute of limitations and demands service on that complaint." Sorrell v. Estate ofDatko, 147 Ohio App.3d 319, 323, 2001-Ohio-3460, ¶ 22. Hill filed and requested initial service on February 19, 2002. On that date the statute of limitations also expired. The Hill record is without evidence of any further attempt at service until March 25, 2003. See Hill at ¶ 5. Thus, it would appear that, not only did Hill fail to commence an action within a year, more than a year expired between the times sheattempted to commence an action. In any event, the Hill decision dealt only with commencement of an action and never touched on an attempted commencement.
 {¶ 18} In the present matter, clearly appellant filed a complaint and demanded service on that complaint several times before the expiration of the statute of limitations. *Page 7 
As a result, appellant attempted to commence this suit in a timely fashion. Moreover, as appellees expressly stipulated that the dismissal of the suit was other than on the merits, R.C. 2305.19 acts to preserve the cause of action for a period of one year after dismissal; well beyond the time appellant refiled her suit.
 {¶ 19} Consequently, the trial court erred as a matter of law when it concluded that this suit was barred by the statute of limitations. Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further consideration consistent with this decision. Appellees are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1